JOSEPH WATKINS & *al. versus* JOSEPH E. EATON & *al.*

Land, owned in common by different proprietors, which has been taxed and sold at auction, *in solido*, for the payment of county taxes, may be redeemed by any one of the co-tenants.

The purchaser may refuse to receive any part, without the whole, of the amount for which he is entitled to hold the land.

When one of the proprietors has redeemed his own part and also the part of another co-tenant, and taken the purchaser's release thereof, a subsequent tender to the purchaser, by such co-tenant, of his proportion of the amount for which the land had been holden, though made within the time allowed by law for redeeming, is of no effect.

Such redemption of another's share, by one of the co-tenants, will transfer to him a lien thereon for a reimbursement, though it will give him no right of action to enforce it.

Until such reimbursement has been made or tendered to the co-tenant who redeemed, or to the owner holding under him, no action can be maintained, by the delinquent co-tenant, against either of them for the recovery of the land.

If, after the time allowed by law for redeeming has expired, the auction purchaser should *sell* and *convey* the land to one of the co-tenants, the other co-tenants could derive no rights therefrom. — Per SHEPLEY, C. J.

WRIT OF ENTRY. The case came up on an agreed statement. The facts are exhibited in the opinion of the Court.

*Hobbs*, for the demandants.

The estate derived by Longfellow from the tax sale, was a fee upon condition, liable to be defeated by payment to him of the amount and 20 per cent. interest, within three years, by those having the right to redeem.

Longfellow could not, by parting with the fee, compel the owners to redeem of any other person than himself.

The words of the statute are explicit. "The owners of lands sold in pursuance of the foregoing section shall have the right to redeem said lands by paying to the purchasers thereof, &c." Act of 1836, chap. 32, sect. 3.

Quincy, then, if to be viewed as a stranger, by the deed of Longfellow, acquired a fee, subject to be defeated by payment to Longfellow, by the demandants, within three years from the time of sale.

The tender was rightly made to Longfellow, within the three years.

The case of a mortgage is analogous to this; and a legal tender of a mortgage debt, before condition broken, discharges the land of the mortgage.

The tender made to Longfellow was a redemption of the land. By it the tax deed was avoided, and the demandants were restored to their former estate.

But Quincy was a tenant in common with the demandants, and the release of Longfellow enured to the demandants as well as to him.

A release of the whole to one of two, holding jointly or in common, is a confirmation of the title of both.

If a disseizor makes a feoffment to two, a release to one enures to both.

If a disseizee releases his right to the tenant for life, this enures to the benefit of him, in reversion or remainder.

The release in both the foregoing cases, operates as an *extinguishment,* for the benefit of those jointly interested.

The tax deed gave to Longfellow the legal seizin, and his deed to Quincy restored the seizin, not only to Quincy, but to the demandants; for the seizin of one tenant in common is the seizin of all.

And the entry and possession of one tenant is the entry and possession of all.

The payments by Quincy will be presumed to be for the benefit of his co-tenants, unless the contrary plainly appears. The evidence of Longfellow shows that a *redemption* of *all* was intended.

The case of *Williams* v. *Gray,* 3 Greenl. 207, was very similar to this. Although it was decided by the principles of estoppel, the Court say, that "in redeeming the lands, the defendant must be considered as the agent of the plaintiff, as far as his interest extended."

*J. Granger,* for the tenants.

The tender was ineffectual, being made to the wrong person. It should have been made to Quincy.

It is said that the statute required the payment to be made to the purchaser. But this, by legal implication, must include his heirs and assigns, otherwise there could be no redemption, in case of the decease or insanity of the purchaser. Purchasers, too, might remove from the country.

The doctrine contended for, would, in effect, make the purchase an inalienable estate, during the time allowed by law for the owners to redeem.

The position taken by the demandants' counsel, that Longfellow was not obliged to release to the respective owners in parcels, would, if correct, seem to be a sufficient answer to the tender, as the demandants tendered one eighth only of the amount of the tax and interest.

The demandants contend that the deed from Longfellow to Quincy was not an assignment, but an extinguishment of Longfellow's title. This I regard as the only question in the case.

If Longfellow could have transferred his title to a stranger without an extinguishment of it, why not to a person owning an undivided part ?

If the title to the disputed eighth had become absolute in Longfellow, he certainly could have transferred a legal title to it, to Quincy. And yet the arguments urged by demandants' counsel, drawn from the common law in cases of disseizin, would, if applicable at all, apply as well to cases where the tax title had become absolute, as where it had not.

"The payments made by Quincy," says the demandants' counsel, "will be presumed to be for the benefit of his co-tenants unless the contrary appears." But the "*contrary*" does appear. Why else did Quincy take the deed of the *three* eighths to himself? If he intended to *redeem* for his co-tenants, why did he not take the deed to them, as well as to himself. He claimed to be the owner of *three* eighths. If he claimed as owner, how could he be regarded as acting in the capacity of agent of persons whose title he denied ?

The *obiter dictum*, in *Williams* v. *Gray*, cited by demandants' counsel, was in a case unlike this. In the case of a

mortgage, where one of two grantees pays the mortgage debt, the Court would hold the mortgage as subsisting or extinguished according as the equities of the case might require. The right of redemption of mortgages is altogether an equitable right, and the rules appertaining thereto are peculiar, and no argument drawn therefrom would be applicable to the case at bar.

The opinion of the Court, was drawn up by

SHEPLEY, C. J. — The County Commissioners of the several counties were authorized by the act approved on April 1, 1836, c. 242, to assess unincorporated townships of land for the repair of highways laid out and opened over them. It is admitted by the agreed statement, that township numbered three in the second range was legally assessed for that purpose. That the same was sold by the treasurer of the county of Washington to obtain payment of the amount thus assessed; and that it was legally conveyed to Jacob Longfellow on September 27, 1837; that the demandants then owned one eighth part and Charles E. Qunicy one fourth part of the township. That before the term of three years allowed by law for the redemption thereof had elapsed, Quincy, on May 25, 1840, paid to Longfellow the amount claimed to be due to him on those portions of the township owned by himself and by the demandants, and received a conveyance thereof from Longfellow, which was recorded on the same day. That the demandants, on September 19, 1840, tendered to Longfellow an amount of money sufficient to redeem their eighth part, which he refused to receive, because he had before that time conveyed the whole township to Quincy and to the other owners. The tenants derived their title to the one eighth part demanded, from Quincy.

The counsel for the demandants contends, that they are entitled to recover in the first place, on the ground that their land was redeemed from the sale by the tender made to Longfellow; and in the second place, that the payment made by

their co-tenant, Quincy, operated to extinguish the tax title, and that the conveyance made by Longfellow to him enured to their benefit.

1. The effect of the tender made to Longfellow will be first considered. It will not be necessary to consider or to decide, whether a tender made to such a purchaser after the land had been sold and conveyed by him in the usual course of business, and not because it had been redeemed by the owner of the whole or of a part of it, would be effectual to redeem it. A state of facts calling for such a decision is not presented in this case. Longfellow does not appear to have sold the land to a stranger to the title for its estimated value, but to have released his title to it to part owners, because they had claimed to redeem it, and had paid to him the whole amount, for which he was entitled to retain it. When such a purchaser has thus conveyed the title acquired by him, that title has been legally extinguished. A tender made to him after that time can have no effect upon the title. It cannot operate to produce a result, which had been accomplished before. The whole interest and title acquired by Longfellow had before been legally extinguished by payment, by those entitled to make it, of the amount required to redeem the land from that sale. Without deciding, whether a conveyance made by him to a stranger to the title, before the time allowed by law for a redemption, had expired, would convey any title or interest so as to affect the rights of the owners to redeem from the purchaser, there can be no doubt, that a conveyance made by the purchaser to a part owner, entitled to redeem all the shares, that he might relieve his own, would be effectual to transfer to such part owner an interest or lien upon the other shares for the reimbursement of his necessary expenditures. The reasons why it should have this effect will be more fully stated hereafter. The tender made to Longfellow must therefore be considered as wholly ineffectual to accomplish the purpose intended.

2. The effect of a payment made by the co-tenant, and of a conveyance of the land to him, remains to be considered.

The County Commissioners were authorized by the act to assess the amount required upon the whole township *in solido* without regard to the rights of separate owners. Neither the seller n'or purchaser was required to notice or to decide upon the claims and proportions of different owners. The purchaser might refuse to receive the amount, which might appear to be equitably due from a part owner, and insist upon a payment of the whole amount due to him for the redemption of the township. And yet a part owner or one having a legal interest in the township would be entitled to redeem, and to redeem his own share he must be liable and might be compelled to redeem the share or shares of others. The purchaser or his heir might legally refuse to sell and convey to one part owner the shares of others, while he could not refuse to permit him to redeem the shares of others. When a part owner obtains a conveyance of his own share and the share or shares of co-tenants by payment of the precise amount required to redeem them, he must be presumed, in the absence of all rebutting testimony, to have done so in the exercise of a legal right. And in such case the whole so conveyed will be redeemed from the sale. This is apparent, because he cannot obtain a conveyance, except by a payment to redeem, without a special agreement with the purchaser, his heir or assignee, to obtain a transfer of his title. There is no proof in this case of an agreement made between Quincy and Longfellow, that the former should purchase of the latter the title acquired by the sale made by the county treasurer. And it is admitted, that Quincy paid only the proportion of taxes and interest due to redeem the shares conveyed to him. While the three eighth parts must be considered to have been redeemed by Quincy from the sale, it does not follow, that the demandants, without payment or tender to Quincy or his assignee, would become entitled to enter into possession or to recover their eighth part.

An owner, who pays the amount required to redeem his own share and the share of a co-tenant, cannot be entitled to recover of that co-tenant the amount equitably chargeable to

his share without other proof, for he may not have paid by his consent or at his request. Such co-tenant may have concluded, that the land was not of such value, that it would be beneficial to him to have it redeemed. He could not be compelled to redeem, but might, if he pleased, abandon his title to the purchaser and refuse to pay to him or to any other person the amount, which would be required to redeem it. If one, who may be obliged to redeem the share of a co-tenant to relieve his own share from incumbrance, could have no right to retain the share of such co-tenant as security and to obtain a reimbursement of the amount equitably chargeable to it, he might utterly fail to obtain compensation; and yet his co-tenant without making any payment might be entitled to the full possession and benefit of his share of the land, discharged from the incumbrance.

The law cannot be justly chargeable with such results, as produced by conformity to its provisions. The principle is well established and is of frequent application in the redemption of mortgages, that one having a legal interest in an estate under incumbrance, may redeem the whole estate when necessary, to enable him to redeem his own share or to relieve his own title from incumbrance, even against the pleasure of a co-tenant or other owner, and may be regarded as the assignee of the incumbrance upon the other shares or interests, and may retain possession of them to secure a reimbursement of the amount equitably chargeable to them. *Gibson* v. *Crehore*, 5 Pick. 146; *Jenness* v. *Robinson*, 10 N. H. 215; *Wilkins* v. *French*, 20 Maine, 111.

A sale made for the payment of taxes is but an incumbrance upon the estate, so long as the right to redeem exists. The purchaser receives and holds the title as security for money paid; and such a title is in principle a mortgage, although it does not exist in a form to be included by our statute provisions respecting mortgages. By the application of this principle to cases of this kind, complete justice may be done to all interested in the land, and without it such a result would fail to be accomplished.

The case of *Williams* v. *Gray*, 3 Greenl. 207, will not be in conflict with it. The parties in that case had severed the common estate, by making conveyances to each other; and the case was decided upon the doctrine of estoppel supposed to arise out of the covenants contained in those conveyances.

The principle applied in this case will not be applicable, should one tenant in common purchase the whole estate from the purchaser at a sale made for the payment of taxes after the right to redeem had expired. In such case one of the co-tenants could derive no benefit from the purchase made by another co-tenant. *Kirkpatrick* v. *Mathiot*, 4 Watts & Sergt. 251.

The demandants will not be entitled to recover without proof, that they have paid or tendered to the holders of the legal title the amount equitably due upon their share.

*Demandants nonsuit.*