GEORGE L. CHACE *et al. vs.* WILLIAM P. DURFEE.

Land held in common was purchased at a tax sale by the husband of one of the cotenants. On a bill to redeem brought by another cotenant :

*Held,* that the complainant cotenant was not entitled, under Pub. Stat. R. I. cap. 44, § 16, to redeem his proportionate share on paying a proportionate part of the tax and statutory additions thereto.

*Held,* further, that the amount to be repaid is the whole amount paid for the realty sold, with the statutory additions ; but an owner of any part may redeem by paying such amount.

The bill to redeem was brought to enforce the statutory right of redemption.

*Held,* that the court on such a bill could not determine the validity of the respondent's title under the tax collector's deed.

*Held,* further, that a bill to redeem did not lie merely to free the land from the statutory lien of a tax paid by a cotenant. The equities of the owners are determinable on a bill for account or partition.

BILL IN EQUITY to redeem realty from a tax title, and to remove a cloud upon the complainant's title. On demurrer to the bill.

*June* 23, 1888. STINESS, J. The complainants set out in their bill that they, with the defendant's wife, were the heirs at law of Adeline E. Smith, late of Foster, deceased, and so owners of the land in question as tenants in common ; that in November, 1885, the land was sold for taxes and bought by the defendant, who was tenant by the curtesy initiate of his wife's interest ; that within a year of the sale they tendered to the defendant three fourths of the sum paid by him, with the added percentage required by statute, and demanded a conveyance of three fourths of the estate to them ; that the defendant refused to receive the sum tendered,

and to reconvey to them their proportionate interest in the estate, whereupon they bring this bill to redeem, to which the defendant demurs.   The question thus raised is, whether an owner of an undivided interest in an estate, which has been sold for taxes, is entitled to redeem his interest therein, upon paying a proportionate part of the amount paid for the whole estate, when another party in interest is the purchaser.   Pub. Stat. R. I. cap. 44, § 16,[1] provides that the person who owned any real estate sold for taxes, or any interest therein, may redeem the same upon paying to the purchaser the amount paid therefor, with twenty *per centum* in addition.   The complainants contend that the word " therefor " includes and relates to " any interest therein," so that, upon proportionate repayment for an interest, the owner is entitled to redeem his part.   We think the statute means that the amount to be repaid is the amount paid for the real estate sold, but that an owner of any interest in the estate may redeem upon such payment.   Nothing in the statute indicates that the redemption is to be split up into as many parts as there were owners in the estate. The estate being undivided is taxed as a whole ; each owner is liable for the whole, and has a lien on the shares of the other owners for their proportion of the tax, if he pays it.   Pub. Stat. R. I. cap. 42, § 7.[2]   One has no right to pay his proportion of the tax simply, but must pay the whole assessment.   When, therefore, an estate has been sold for default of several owners to pay a tax, it

[1] As follows :

" SECT. 16.   The person who owned any real estate sold for taxes, at the time of the assessment, or any interest therein, his heirs, assigns, or devisees, may redeem the same upon repaying to the purchaser the amount paid therefor, with twenty per centum in addition, within one year after the sale, or within six months after final judgment has been rendered in any suit in which the validity of the sale is in question, provided said suit be commenced within one year after such sale."

[2] As follows :

" SECT. 7.   Undivided real estate of any deceased person may be assessed to the estate, or heirs or devisees of the deceased, generally, until a record of a division be made, or until they give notice to the assessors of the division, and of the names of the persons holding the portions thereof; and each heir or devisee shall be liable for the whole of the tax, and shall have a lien therefor on the shares of his associate heirs or devisees in said estate for their proportion of said tax, if paid by him."

would be strange if one, by reason of that default and without the consent of the purchaser, could redeem his share by paying a part only of a tax, for the whole of which he is made liable by statute. To entitle the complainants to redeem, we think they should have tendered the whole amount paid by the purchaser, with the required addition. See Cooley on Taxation, 364, and cases cited.

The complainants also pray that the deed may be declared void, as a cloud upon their title. As this is a bill to enforce the statutory right of redemption, we cannot, in this suit, determine the validity of the defendant's title under his deed. It has been held in _Burns_ v. _Byrne_, 45 Iowa, 285, and in _Busch_ v. _Huston_, 75 Ill. 343, that the husband of a tenant in common cannot acquire a valid title under a tax sale, as against the cotenants of his wife. He is held to have purchased for the benefit of all the tenants in common. Nevertheless, he may hold the deed as evidence or security for the money paid. _Watkins_ v. _Eaton_, 30 Me. 529. We see no sufficient ground to sustain a bill to redeem simply upon the plea of redeeming the land from the lien of a tax paid by a cotenant. If the purchaser has paid the tax and holds the title for the benefit of all, he has no greater lien than any cotenant who pays an entire tax in part for the benefit of others. A payment by one for all might happen year by year while the cotenancy continues, and liens might thus attach as well for a tax paid before a sale as for a tax paid under a sale. We have not been referred to any authority, nor do we know of any, which holds that such a lien is sufficient to maintain a bill to redeem. The equities of the owners in such cases can be properly dealt with in a bill for partition or account.                      _Demurrer sustained._

_Ziba O. Slocum_, for complainants.
_Clarke H. Johnson_, for respondent.