LEE A. WORRELL, *Tr. vs.* MINNIE F. BEACH, *et al.*

JUNE 29, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.  This proceeding in equity was commenced by the trustee's "petition for directions" concerning his actions under a certain trust deed.  It is before us on the appeal of Minnie F. Beach, one of the alleged respondents, from a decree entered by the superior court, granting the prayers of the petition and advising and directing the trustee regarding his actions under the trust deed.

Counsel for the parties have briefed and argued certain allegedly relevant questions of probate law, involving the effect, if any, of statutory provisions of limitation on suits upon claims that have been duly filed against estates and have not been disallowed.  However, they have overlooked entirely the fundamental question of practice and jurisdiction.  The record and papers in the cause show that the trustee merely filed a petition for instructions and directions relative to his actions as trustee under a deed of trust; that no subpoena was prayed for, and that the only process to issue was merely a citation to the alleged respondents. No answer or other pleadings were filed by any of the alleged respondents; and no evidence was introduced in the usual way which is pertinent to a bill of complaint.

However, a so-called stipulation was filed which was signed by the attorneys for petitioner and for only one of the alleged respondents. The declared purpose of this stipulation was that "the following facts may be introduced at the hearing of said cause, with the same effect as though they had been proved in the usual way, without limiting the right of either of said parties to present admissible testimony and evidence in addition thereto but not in contradiction thereof."

Upon this rather novel proceeding and record, a justice of the superior court entertained the petition, filed a written decision, and entered a decree granting the prayers of the petition and advising and directing the trustee in connection with certain matters relating to his actions as trustee under the trust deed. From this decree Minnie F. Beach, one of the alleged respondents, has filed a claim and reasons of appeal, as from a final decree in an ordinary equity cause.

Assuming that the trustee was entitled to seek such directions as to his actions as trustee, we think that he must have intended that his proceeding be considered as one relative to a trust deed according to sec. 35, chap. 339, G. L. 1923, rather than one "under its general equity jurisdiction", as the petition alleged.

But we are aware of no authority by which the superior court, under its general equity jurisdiction or under its statutory equity jurisdiction, has the right to determine upon a mere petition the questions involved in this proceeding. The usual and uniform procedure to obtain any relief under the equity court's general equity jurisdiction is by a *bill of complaint,* unless otherwise provided by statute. A *petition* is not ordinarily considered as a permissible substitute for a bill of complaint. The nature of the proceedings and the consequent pleadings and practice under each are different. A bill of complaint is formal and requires an answer or other pleading; whereas a petition is more in-

formal and requires neither, except in the case of a guardian *ad litem*. The process called for by a bill of complaint is a subpoena which is more comprehensive and effective than a mere citation, the only process required under a petition.

The nature and inappropriateness of proceeding by *a petition* in equity, independent of any enabling statute, is discussed and decided in *Ballou, Petitioner,* 11 R. I. 359, at 361. That case was not a petition for instructions to a trustee relative to a trust deed, but was a *petition* in equity for appointment of a trustee to fill a vacancy; and, in support of the claim that a petition was an appropriate proceeding, it was there *contended* that: "Courts of Equity, by virtue of their general chancery powers, have jurisdiction by bill *or petition* . . . to remove, etc., and appoint new trustees . . . ." But the court, in reply to that contention, held that: "If by this it is intended to say that the court may, in such cases, *proceed by petition independent of statute provision,* the position is without sufficient authority to sustain it." (italics ours)

The court also discussed the rather summary and informal nature of a proceeding by *petition* as opposed to the proceeding by bill and answer, saying, "where there are adverse claims or any controverted matters to be decided, the proceeding by bill and answer brings the questions before the court in a better shape for decision . . . ." It is to be noted that the court permitted the petition in that case, notwithstanding a lack of authority under its general equity powers, but only because it found that the pertinent statute provided specifically that such an appointment of a trustee should be made by the court "on petition."

The instant proceeding by petition is not only without specific statutory support, as was present in the *Ballou* case, but it is also contrary to the express provisions of G. L. 1923, chap. 339, sec. 35, which governs procedure in ordinary cases where a trustee seeks instructions relative to a trust

deed. That section provides that: "the superior court *shall certify* to the supreme court for its determination *all bills in equity* for the construction of any will or trust deed, or *for instructions relative to any* will or *trust deed,* whenever and as soon as any such cause is ready for hearing for final decree . . . ." (italics ours)

The language of that section appears clear and mandatory; and it requires a proceeding by bill of complaint and a certification thereof "as soon as any such cause is ready for hearing for final decree", rather than a proceeding by petition and determination thereof by the superior court, reviewable by appeal from the decree. Under this statute the uniform practice has been to proceed by *a bill of complaint* for instructions to a trustee relative to any trust deed. We have found no case thereunder which entertained such a proceeding by *petition,* or which authorized a petition to be substituted for a bill of complaint, or a review by appeal of a decree entered upon such a petition and hearing.

In our opinion the proceeding here *by petition* is without support under the general or the statutory equity powers of the superior court; and is contrary to the express provisions of the statute in question and the long-established and uniform practice thereunder.

For these reasons we are unable to consider or pass upon the legal questions involved in the petition and the appeal; and the cause is ordered to be remanded to the superior court with instructions to enter an order, dismissing the petition without prejudice.

*Lee A. Worrell,* pro se ipso.

*Tillinghast, Collins & Tanner, Russell P. Jones,* for Rhode Island National Bank.

*William A. Needham, J. Melvin Koppe,* for Minnie F. Beach.

*Edwards and Angell, Elmer E. Tufts, Jr.,* for John H. Clifford.