365 A.2d 424.

# Ernest Pratt *vs.* William A. Woolley *et al.*

October 20, 1976.

Present: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This is a petition to foreclose a taxpayer's right of redemption brought pursuant to the provisions of G. L. 1956 (1970 Reenactment) chapter 9 of title 44. The petition to foreclose was heard by a Superior Court justice who denied the petition but ordered the petitioner's promissory note to respondent cancelled and denied respondent's claim for compensation for repairs. The respondent Suburban Land Company (Suburban) has appealed. The question to be decided by us is the scope of jurisdiction granted to the Superior Court by chapter 9 of title 44.

The pertinent facts are as follows. In 1969, land owned by respondents, William A. and Jeanette H. Woolley, was sold at a tax sale (the first tax sale).[1] The land was purchased by Suburban. Thereafter, Suburban spent a substantial sum in making necessary repairs to the property. Within the required statutory period, the Woolleys redeemed the property.

In May 1972, the property was again sold for taxes (the second tax sale), and again purchased by Suburban. In October of that year Suburban conveyed the property, subject to the right of redemption, to petitioner Ernest Pratt. Suburban received from petitioner a cash downpayment and a promissory note secured by a mortgage on the subject property.

In November 1973, in order to make his title absolute, Pratt filed the petition to foreclose any right of redemption which is the subject of this appeal. That petition was filed pursuant to §44-9-25, which provides as follows:

---

[1]The tax sale and redemptions in this case were pursuant to the provisions of G. L. 1956 (1970 Reenactment) chapter 9 of title 44. A summary of the statutory scheme may be found in *Picerne* v. *Sylvestre,* 113 R. I. 598, 324 A.2d 617 (1974).

"After one (1) year from a sale of land for taxes, except as provided in §§44-9-19 to 44-9-22, inclusive, whoever then holds the title thereby acquired may bring a petition in the superior court for the foreclosure of all rights of redemption thereunder. Such petition shall set forth a description of the land to which it applies, with its assessed valuation, the petitioner's source of title, giving a reference to the place, book and page of record, and such other facts as may be necessary for the information of the court. Two (2) or more parcels of land may be included in any petition brought by a town, as purchaser of such title or titles, if such parcels are in the same record ownership at the time of bringing such petition (Form 5)."

By the terms of §44-9-29, persons claiming an interest in the subject property have a right to redeem the land:

"Any person claiming an interest, on or before the return day or within such further time as may on motion be allowed by the court, shall, if he desires to redeem, file an answer setting forth his right in the land, and an offer to redeem upon such terms as may be fixed by the court. Thereupon the court shall hear the parties, and may in any case in its discretion make a finding allowing the party to redeem, within a time fixed by the court, upon payment to the petitioner of an amount sufficient to cover the original sum, costs, penalties, and all subsequent taxes, costs and interest to which the petitioner may be entitled, together with the costs of the proceeding and such counsel fee as the court deems reasonable. The court may impose such other terms as justice and the circumstances warrant."

The Woolleys exercised their statutory right and offered to redeem the property. Suburban filed an answer noting its interest as a mortgagee and also filed a claim for reimbursement from the Woolleys for the repairs to the property performed prior to the second tax sale.

A hearing was held on the above described issues. At the hearing, petitioner sought additional relief. He re-

quested the court to cancel the promissory note to Suburban for the balance of the purchase price of the property in the event that the Woolleys were allowed to redeem. A final decree was entered according to which the Woolleys were allowed to redeem the subject land. The decree also ordered Suburban to cancel the promissory note and denied Suburban's claim for compensation for repairs. The disposition of the latter two issues is challenged by Suburban. On appeal to this court Suburban urges that the Superior Court was without jurisdiction to rule on either the promissory note or the claim for improvements.

I

We will first consider the power of the Superior Court to cancel petitioner's promissory note to Suburban. The petitioner argues that the redemption of the land by the Woolleys constituted a failure of consideration with respect to its note to Suburban. Thus, petitioner claims, it was within the equitable powers of the Superior Court to cancel the note. We cannot agree.

The jurisdiction of the Superior Court is solely statutory in nature and cannot be extended by judicial interpretation. *Boss* v. *Sprague,* 53 R.I. 1, 162 A. 710 (1932). An examination of the statutory foundation of a tax sale foreclosure proceeding reveals that such a proceeding is not an ordinary civil action. It is a unique procedure created by statute for a limited purpose; to provide a forum for the exercise of the right to redeem the subject land. In entertaining a petition to foreclose, the Superior Court may hear only those matters which the statute specifically empowers it to hear.

This limitation of the court's jurisdiction is a consequence of the procedural differences between an ordinary civil action and a statutory foreclosure petition. For example, the petitioners must ascertain all parties interested in the subject land, but a copy of the petition need not be served

upon such parties; simple registered or certified mail notice of the existence of a petition is all that is required. Section 44-9-27. An answer to the petition is required only if a party desires to redeem. Section 44-9-29. No provision is made for the assertion of any rights other than the right to foreclosure or the right to redeem. No provision is made for any additional responsive pleadings. The model forms provided in the statute make no provision for the litigation of any issues aside from the right to redeem the subject land. Section 44-9-46.

That the tax sale foreclosure proceedings were intended by the Legislature to be governed by procedural rules quite different from those applicable to ordinary civil actions is further indicated by Super. R. Civ. P. 81(a)(2). That rule exempts tax sale foreclosure petitions from the operation of the Rules of Civil Procedure. Professor Kent comments that the rationale for this exclusion is that the tax sale statute provides fully developed statutory procedures which it was considered undesirable to alter. 1 Kent, *R. I. Civ. Prac.* §81.2 at 551.

In light of the differences described above it would be manifestly unfair for the Superior Court to hear at a foreclosure proceeding claims which were unrelated to the taxpayer's redemption rights. The statutory mechanism provided for the resolution of tax title disputes simply cannot be used to satisfactorily litigate other, unrelated claims. The case at bar is an excellent example of the unfortunate consequences which can result from a court attempting to exercise its general jurisdiction in a limited statutory action. The validity of the promissory note to Suburban was entirely unrelated to petitioner's right to foreclose or the Woolley's right to redeem. Consequently, nowhere in the original petition, nor in the motion to amend by which Suburban was named respondent, was the issue of the promissory note raised. It follows that

neither Suburban nor the court had pretrial notice of that contested issue. Suburban of course filed no responsive pleading concerning petitioner's attempt to cancel the note. Presumably no discovery was available to either party. Yet, despite such unorthodox proceedings, the court ordered Suburban to cancel the promissory note.

For the reasons discussed above, we conclude that the cancellation of the promissory note was beyond the jurisdiction of the Superior Court. Although the exact issue has not previously come before this court, our prior decisions support this conclusion.[2] In *Worrell* v. *Beach,* 63 R. I. 95, 7 A.2d 666 (1939), a trustee filed a "petition for directions" that was not authorized by statute. The trial court heard the petition and filed a written decision. On appeal to this court, the parties briefed and argued relevant questions of probate law. We refused to hear the appeal and ordered the petition dismissed. We said:

> "But we are aware of no authority by which the superior court, under its general equity jurisdiction or under its statutory equity jurisdiction, has the right to determine upon a mere petition the questions involved in this proceeding. The usual and uniform procedure to obtain any relief under the equity court's general equity jurisdiction is by a *bill of complaint,* unless otherwise provided by statute. A *petition* is not ordinarily considered as a permissible substitute for a bill of complaint. The nature of the proceedings and the consequent pleadings and practice under each are different. A bill of complaint is formal and requires an answer or other pleading; whereas a petition is more informal and requires neither, except in the case of a guardian *ad litem.* The process called

[2]Cases from other jurisdictions were not very helpful in deciding the issue. A Massachusetts case holds that the statute empowering the land court to hear tax title foreclosure petitions did not confer equity jurisdiction. *Town of Norwood* v. *Norwood Civic Association,* 340 Mass. 518, 165 N.E.2d 124 (1960). *But see Lewis* v. *Palmer,* 67 Ariz. 189, 193 P.2d 456 (1948).

> for by a bill of complaint is a subpoena which is more comprehensive and effective than a mere citation, the only process required under a petition." *Id.* at 97-98, 7 A.2d at 667.

It is true that in the *Worrell* case the petition was apparently more informal than the one here in question. Also in that case there was a total absence of statutory authorization whereas in the case at bar the petition is founded upon a statute. Nonetheless the principle announced in *Worrell* is applicable here. The Superior Court may hear by petition only those matters for which it has specific statutory authorization.

In an attempt to show that such authorization exists, petitioner directs our attention to §44-9-24. That section provides:

> "The superior court shall have exclusive jurisdiction of the foreclosure of all rights of redemption from titles conveyed by a tax collector's deed, and the foreclosure proceedings shall follow the course of equity in a proceeding provided for in §§44-9-25 to 44-9-33, inclusive."

Again, however, we cannot agree with petitioner's argument. We find our decision in *Petrovics* v. *King Holdings, Inc.,* 56 R. I. 498, 188 A. 514 (1936), controlling. That case involved a statutory petition to have a receiver appointed for a corporation. After a dispute as to the ownership of the stock arose, the petitioner also sought an adjudication of the ownership rights. We held that the Superior Court was without jurisdiction to enter such a decree. We said that the petitioner, having elected to proceed under his limited statutory remedy, could not superimpose on this remedy an additional equitable one. We acknowledged that this was true even though in a proper proceeding the Superior Court would have had jurisdiction to determine the stock ownership. That the Superior Court was by statute to have "jurisdiction in equity", and that

the receiver should administer his trust "according to the course of equity" was not sufficient to grant the court general equitable jurisdiction. We stated that "* * * the legislature, by the use of such expressions, did not intend to convert a definitely limited statutory proceeding into a general equitable one easily and summarily initiated by a simple petition." *Id.* at 504, 188 A. at 517. *See also Chace* v. *Durfee,* 16 R. I. 248, 250, 14 A. 919, 920 (1888).

The petitioner also maintains that the cancellation of the note was authorized by the last sentence of §44-9-29, which says: "The court may impose such other terms as justice and the circumstances warrant." This sentence must be read in light of the preceding sentence which gives the court discretion to allow a party to redeem upon payment of various costs. In this context it is clear that the quoted language is only intended to authorize the court to impose on the redeeming party additional conditions of redemption. It does not authorize the adjudication of collateral issues.

We feel that our interpretation of the statutes in question is particularly appropriate in view of the nature of tax sale proceedings. Prior decisions of this court reveal that tax sales are legislative innovations not recognized at common law and statutes authorizing such sales must be strictly construed.

> "The authority for the sale of real estate for delinquent taxes must be found in the statutes and such statutes will not be enlarged by judicial construction but will be strictly construed in favor of the owner." *Parker* v. *MacCue,* 54 R. I. 270, 272, 172 A. 725, 726 (1934).

A leading authority on tax titles has similarly characterized statutes allowing sales of land for delinquent taxes:

> "The power to sell land for non-payment of taxes is not a common-law power, but arises entirely from statute, and therefore exists only when the conditions

> prescribed by the statute are fulfilled; and since such statutes are penal, and the proceedings under them *ex parte*, summary, executive rather than judicial, and an infringement of the rights of property only tolerated by reason of necessity, great strictness and exactness in following the law is required in favor of the landowner." 1 Blackwell, *Tax Titles* §121 at 117 (5th ed. 1889).

*See Charland* v. *Trustees of the Home for Aged Women*, 204 Mass. 563, 91 N. E. 146 (1910). The above rules of construction lend further support to our conclusion that the Superior Court in hearing a tax sale foreclosure petition may only exercise such jurisdiction as is expressly granted by statute.

II

The foregoing discussion of jurisdiction applies with equal force to Suburban's claim for the value of repairs to the property. It is provided by statute that upon payment of the amount necessary to redeem, the one who redeems shall receive a certificate which extinguishes all right and title acquired under the collector's deed. Section 44-9-23. That is, redemption puts the owner in the same position he was in before the tax sale occurred. This is stated quite clearly by Black:

> "The redemption of lands from a tax sale creates no new title. It simply expunges the inceptive title of the tax purchaser, places him again in the position of a stranger to the estate, and restores the owner of the land to the precise position he occupied before the attaching of the tax lien which resulted in the sale." Black, *The Law of Tax Titles* §377 at 468 (2d ed. 1893).

It follows that even if Suburban did have a claim against the property, since that claim arose before the second tax sale it was not relevant to the foreclosure petition. In denying the petition the court was only empowered to declare the prior title of the Woolleys to be reinstated. It did not need, and had no jurisdiction, to pass on the vali-

dity of extraneous prior adverse claims, such as Suburban's claim for compensation. That claim was completely unrelated to the foreclosure proceedings here in question. The fact that it arose out of a prior tax sale was coincidental and did not in any way affect the power of Superior Court to pass on the claim.

Moreover, §44-9-29 only directs the court to determine the rights of parties who claim an interest in the land. It is apparent that Suburban's mere assertion that it had a lien for repairs done did not amount to an interest in the land.

Accordingly we hold that the Superior Court exceeded its jurisdiction and was thus in error insofar as it ruled on the cancellation of the petitioner's promissory note and the respondent's claim for compensation.

The respondent's appeal is sustained, the judgment appealed from insofar as it relates to cancellation of the petitioner's promissory note and the respondent's claim for compensation for repairs is vacated and the cause is remanded to the Superior Court for further proceedings.

*Joan M. Montalbano,* for petitioner.

*Taft & McSally, James J. McKenna, for William A. Woolley and Jeanette H. Woolley; Beals, Jerue & DiFiore, David K. Duffell,* for Suburban Land Company, respondents.