Rachel Rafaelian                    :

v.                          :

Perfecto Iron Works, Inc., et al.          :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Rachel Rafaelian                                          :

v.                                          :

Perfecto Iron Works, Inc., et al.                  :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on April 9, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.  The petitioner, Rachel Rafaelian (Rafaelian or petitioner), appeals from an order of the Superior Court granting the respondent's, Perfecto Iron Works, Inc. (Perfecto or respondent), motion to vacate a default judgment and final decree. Rafaelian argues that the trial justice ignored both Rule 81(a)(2) of the Superior Court Rules of Civil Procedure and G.L. 1956 § 44-9-24, which precludes the Superior Court from vacating a final decree foreclosing the right of redemption after a tax sale.  In response, Perfecto argues that the trial justice did not err in vacating the decree, which Perfecto asserts was entered erroneously; Perfecto claims that the decree is void because Perfecto timely answered the petition seeking to foreclose its right of redemption.

The trial justice, having found that a timely answer had been filed, held that the decree erroneously was entered and granted Perfecto's motion to vacate.  After hearing the arguments of counsel and carefully examining the memoranda filed by the parties, we are of the opinion that

- 1 -

cause has not been shown; we proceed to decide the appeal at this time. For the reasons set forth below, we affirm the judgment of the Superior Court.

**Facts and Travel**

On September 22, 2011, Rafaelian filed, in the Superior Court, a petition to foreclose the right of redemption arising from a tax sale of property located at 1107 Westminster Street, Providence, Rhode Island, and designated by the tax assessor as lot 50, plat 32 (the property). That petition indicated that Rafaelian had obtained tax title to the property on June 25, 2010, at a sale conducted by the Providence Water Supply Board for nonpayment of user fees. The propriety of the sale has not been challenged. The petition also stated that "more than one year from the date of said sale has elapsed and no redemption has been made; the proceedings aforesaid have been conducted according to law[.]" Furthermore, the petition indicated that the named respondents—Perfecto, the Rhode Island Division of Taxation, and the Internal Revenue Service—held an interest in the property, and that each of these respondents was provided notice of the petition via certified mail.[1]

It is undisputed that Perfecto filed an answer on October 14, 2011, and that this filing was noted on the court's docket sheet. Apparently, neither Rafaelian nor her attorney received a copy of the answer. On October 18, 2011, believing that no responsive pleading had been filed, Rafaelian filed a motion for entry of default and final decree. By affidavit of her attorney, Rafaelian alleged that respondents had failed to plead or otherwise defend as to petitioner's petition. The default motion was set for hearing on October 28, 2011; however, it is not clear whether any of the respondent parties were provided notice of this hearing. Ultimately, on October 28, 2011, a final decree was entered declaring "[t]hat all rights of redemption [in and to

---

[1] The record reflects that neither the Rhode Island Division of Taxation nor the Internal Revenue Service entered appearances at any stage of these proceedings.

- 2 -

the property] are forever foreclosed and barred" and vesting "[t]he legal and equitable title to the property * * * in [Rafaelian]."

On November 3, 2011, Perfecto filed a motion to vacate the default and the final decree. On November 14, 2011, Rafaelian objected to Perfecto's motion. At the hearing on the motion to vacate, Perfecto argued that both the default and the final decree were void. Perfecto established that its answer was filed on October 14, 2011, that it did not receive notice of the hearing on Rafaelian's motion for default, and that the relief it sought did not turn on whether a decree foreclosing the right of redemption could be vacated pursuant to the Superior Court Rules of Civil Procedure. Perfecto argued that because the name and address of petitioner's attorney were not set forth in the motion seeking foreclosure, the answer was mailed to Rafaelian at the address listed on her petition.[2] Further, Perfecto stated that, after the petition was filed, there had been some communication with Rafaelian's counsel about the redemption costs but that Perfecto was not aware of the impending hearing on Rafaelian's motion for entry of default.

In response, Rafaelian argued that the Superior Court Rules of Civil Procedure do not provide a procedural vehicle to vacate the default and the final decree foreclosing the right of redemption and that, therefore, Perfecto's motion "is completely defective and not allowed." According to Rafaelian, Perfecto was notified by letter, sent by facsimile, "that this matter is set down for foreclosure on October the 28th, 2011." Counsel averred that this facsimile communication was sent before the hearing date and in response to Perfecto's verbal request for redemption costs. In an ensuing exchange between Rafaelian and the trial justice, the question arose as to who bears the responsibility of searching the court file to see if an answer had been filed before the court enters a default. The trial justice declared that it was not the court's

---

[2] Apparently, this address was counsel's office; but, because the answer was addressed to Rafaelian, rather than counsel, he did not receive it.

obligation to determine that there was no answer in the file before entering a default. Counsel also argued that, although he had not received a copy of Perfecto's answer, it was a common practice for delinquent respondents to request redemption costs and then elect not to answer the petition, thus allowing the default to enter.

The trial justice concluded that the default erroneously was entered in this case because Perfecto's answer was timely filed. The trial justice based her decision on Perfecto's "meritorious defense" and the general policy of the courts to favor redemptions. The trial justice stated that she arrived at her conclusion by employing the principles of equity and by relying on "the Zeus case,"[3] and not the Superior Court Rules of Civil Procedure.[4]

An order was entered on November 15, 2011, granting Perfecto's motion and vacating the entry of default and the final decree. The order enjoined petitioner "from alienating, transferring, encumbering, concealing, selling, or otherwise disposing of" the property until further order of the court. The petitioner's timely notice of appeal from the November 15, 2011 order was filed on November 28, 2011. Before this Court, the parties raise arguments that are identical to those posited to the trial justice.

**Discussion**

We begin our analysis by noting that "[a] tax sale foreclosure proceeding 'is a unique procedure created by statute for a limited purpose[:] to provide a forum for the exercise of the

---

[3] The trial justice likely was referring to Zeus Realty Co. v. Jaral Realty, Inc., 653 A.2d 70, 70 (R.I. 1995), where a plaintiff in an unsuccessful appeal sought to overturn a Superior Court order vacating an entry of default based upon the finding "that the plaintiff's notice to the defendants was premature since it was sent prior to the setting of a return day and prior to the presentation of a title examiner's report to the Superior Court." On appeal, Rafaelian argues that Zeus is inapplicable to her case. Because we uphold the trial justice's decision vacating the default, we need not reach this issue.

[4] The parties then informed the trial justice that, after the default entered, the property in question was transferred from Rafaelian to an LLC. The trial justice directed the entry of a restraining order enjoining further transfer of the property.

right to redeem the subject land.'" ABAR Associates v. Luna, 870 A.2d 990, 994 (R.I. 2005) (quoting Pratt v. Woolley, 117 R.I. 154, 157, 365 A.2d 424, 426 (1976)). "Because it is a statutory proceeding and not an ordinary civil action, the jurisdiction of the Superior Court is sharply circumscribed." Id. (citing Pratt, 117 R.I. at 157, 365 A.2d at 426); see also Finnegan v. Bing, 772 A.2d 1070, 1072 (R.I. 2001). Importantly, "[t]ax sale foreclosure proceedings are also specifically exempted from the operation of the Rules of Civil Procedure by Rule 81(a)(2) * * *."[5] Abar Associates, 870 A.2d at 944. Also, as the travel of this case indicates, foreclosure proceedings move at lightning speed.

Rafaelian argues to this Court that Perfecto's motion to vacate was filed in contravention of § 44-9-24, which provides, in pertinent part, that "no decree [foreclosing the right of redemption] shall be vacated except in a separate action instituted within one year following entry of the decree and in no event for any reason, later than one year following the entry of decree[,]" and only on very limited grounds.[6] Clearly, with respect to any validly entered decree,

_____

[5] Specifically, Rule 81(a)(2) of the Superior Court Rules of Civil Procedure provides, in pertinent part, that "[t]hese rules do not apply to the following proceedings: * * * Petitions for foreclosure of redemption of interests in land sold for nonpayment of taxes * * *."

[6] In its entirety, G.L. 1956 § 44-9-24 provides:

> "The title conveyed by a tax collector's deed shall be absolute after foreclosure of the right of redemption by decree of the superior court as provided in this chapter. Notwithstanding the rules of civil procedure or the provisions of chapter 21 of title 9, no decree shall be vacated except in a separate action instituted within one year following entry of the decree and in no event for any reason, later than one year following the entry of decree. Furthermore, the action to vacate shall only be instituted for inadequacy of notice of the petition amounting to a denial of due process or for the invalidity of the tax sale because the taxes for which the property was sold had been paid or were not due and owing because the property was exempt from the payment of such taxes. The superior court shall have exclusive jurisdiction of the foreclosure of all rights of redemption from titles conveyed by a tax collector's deed, and the foreclosure

§ 44-9-24 is controlling; "[t]he right to institute an independent action under § 44-9-24 is triggered by the entry of a foreclosure decree * * *." Sycamore Properties, LLC v. Tabriz Realty, LLC, 870 A.2d 424, 427 n.7 (R.I. 2005).[7] Critically, an action pursuant to § 44-9-24 lies only

> "for inadequacy of notice of the petition amounting to a denial of due process or for the invalidity of the tax sale because the taxes for which the property was sold had been paid or were not due and owing because the property was exempt from the payment of such taxes."

None of these circumstances is present in this case. We are confronted, however, with a situation in which the decree of the Superior Court was entered in error. The decree is therefore voidable and its erroneous entry falls outside the safeguards of § 44-9-24.

In this case, the default decree was entered based on the representation to the court that Perfecto had not filed an answer to the petition. In fact, Perfecto had answered the petition and had done so in a timely manner. Accordingly, because the court mistakenly ordered the entry of default—as evidenced by the filing of the answer, which filing plainly appears in the electronic docket sheet—the trial justice properly vacated the decree. Because the judgment in this case

---

> proceedings shall follow the course of equity in a proceeding provided for in §§ 44-9-25—44-9-33."

[7] In Sycamore Properties, LLC v. Tabriz Realty, LLC, 870 A.2d 424, 426 (R.I. 2005), we determined that "§ 44-9-24 operates as a 'safety valve' for taxpayers who have lost their right of redemption because of an invalid tax sale * * *." We therefore held that, because of the inadequate notice of the initial tax sale, the property owner was not barred from challenging the final decree. Id. at 428. We are mindful that the post-Sycamore amendment may have "narrowed the notice-based 'safety valve' of § 44-9-24," Mortgage Electronic Registration Systems, Inc. v. DePina, 63 A.3d 871, 878 (R.I. 2013) (discussing the amendment to § 44-9-24, which amendment changed the phrase "inadequacy of notice amounting to a denial of due process"—the operative and critical phrase for purposes of DePina—to read "inadequacy of notice of the petition amounting to a denial of due process"), but the fact remains that "[t]he right to institute an independent action under § 44-9-24 is triggered by the entry of a foreclosure decree * * *." Sycamore Properties, 870 A.2d at 427 n.7.

was not a valid judgment, it necessarily and properly was vacated. We need extend our analysis no further.

In the circumstances of this case, we are satisfied that the trial justice did not err in granting Perfecto's motion to vacate the final decree.

### Conclusion

For the foregoing reasons, the judgment of the Superior Court is affirmed. The record shall be remanded to the Superior Court.



**TITLE OF CASE:** Rachel Rafaelian v. Perfecto Iron Works, Inc., et al.

**CASE NO:** No. 2012-163-Appeal.
(PM 11-5464)

**COURT:** Supreme Court

**DATE OPINION FILED:** June 18, 2013

**JUSTICES:** Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:** Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:** Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiff: Patrick T. Conley, Esq.

For Defendant: J. David Freel, Esq.