June 9, 2021

**Supreme Court**

No. 2019-404-Appeal.
(PM 19-5638)

Decathlon Investments          :

v.                             :

Michael P. Medeiros et al.     :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Decathlon Investments          :

v.                             :

Michael P. Medeiros et al.     :

Present: Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  The defendants, Michael Medeiros and Leonilde Medeiros (collectively the Medeiroses),[1] appeal from a Superior Court decree foreclosing their rights of redemption in property purchased at a tax sale by the plaintiff, Decathlon Investments (Decathlon).  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issue raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the decree of the Superior Court.

---

[1] For purposes of clarity, we will refer to the defendants by their first names at times. No disrespect is intended.

# I

## Facts and Travel

The Medeiroses owned real estate located at 157 Summit Street in East Providence, Rhode Island (the property). As a result of nonpayment of taxes or fees,[2] the City of East Providence sold the property to Decathlon at a tax sale on April 26, 2018, and a collector's deed was duly recorded on May 8, 2018. Over one year later, on May 13, 2019, Decathlon filed a petition to foreclose the Medeiroses' right of redemption.[3]

Decathlon submitted a title report to the court on the same day that the petition to foreclose was filed. The title report was accepted and approved by an order dated May 20, 2019. However, the record reflects that the order approving the title examiner was signed and entered later, on May 30, 2019.

On May 20, 2019, the same day that the title report was approved by the court, a citation issued. The citation instructed all interested parties to "file a written appearance and answer * * * setting forth clearly and specifically your objection or defense to each part of said petition" within twenty days of receiving the citation. Leonilde was served the citation on May 28, 2019, and Michael was served on June

---

[2] The defendants aver that the property was sold because of an unpaid water bill.
[3] The petition also sought to foreclose the rights of redemption for mortgagee U.S. Bank National Association, care of Ocwen Loan Services, and various other lien holders, all of whom were eventually defaulted.

5, 2019. The Medeiroses filed separate but nearly identical *pro se* answers to the petition on June 19, 2019. Leonilde's answer, however, was not timely filed, and default judgment entered against all interested parties other than Michael on June 24, 2019. In his answer, Michael averred that the tax sale was improper because the mortgagee was not given notice of the outstanding water bill that had triggered the tax sale.

On July 10, 2019, a hearing on the petition was held, and Decathlon was the only party to appear. Decathlon argued that Michael's "allegation that the city did not give proper notice to the mortgagee is incorrect." Moreover, Decathlon noted that "[t]he right of notice shall be personal to each party entitled to it and shall not be asserted on behalf of another party in interest[,]" which is what Michael attempted to do in this case. Finally, Decathlon emphasized that Michael's answer did not include an offer to redeem and that, therefore, the answer did not comply with the requirements of G.L. 1956 § 44-9-29. On the same day, the hearing justice entered a final decree foreclosing all rights of redemption and vesting legal and equitable title to the property in Decathlon.

The Medeiroses, represented by newly-retained counsel, filed a timely notice of appeal on July 29, 2019. On appeal, the Medeiroses raise two issues. First, they aver that the Superior Court did not have jurisdiction to enter a final decree because Decathlon failed to comply with the procedures set forth in chapter 9 of title 44 of

the general laws, which governs tax sales. Second, the Medeiroses allege that there was "a lack of due process" because Decathlon did not send language service notices, as required by Executive Order 2012-05 of this Court.

## II

### Standard of Review

"According to this Court's well settled raise-or-waive rule, issues not properly presented before the trial court may not be raised for the first time on appeal." *Federal National Mortgage Association v. Malinou*, 101 A.3d 860, 865 (R.I. 2014). "We also recognize that there is a narrow exception to the 'raise-or-waive' rule where the alleged error is 'more than harmless, and the exception implicates an issue of constitutional dimension derived from a novel rule of law that could not reasonably have been known to counsel at the time of trial.'" *State v. Brown*, 9 A.3d 1240, 1246 (R.I. 2010) (deletion and brackets omitted) (quoting *State v. Breen*, 767 A.2d 50, 57 (R.I. 2001)).

Additionally, "[a] challenge to subject[-]matter jurisdiction 'may not be waived by any party and may be raised at any time in the proceedings.'" *Federal National Mortgage Association*, 101 A.3d at 866 (quoting *Boyer v. Bedrosian*, 57 A.3d 259, 270 (R.I. 2012)). "A challenge to subject-matter jurisdiction questions the very power of the court to hear the case." *Dunn's Corners Fire District v. Westerly Ambulance Corps*, 184 A.3d 230, 233 (R.I. 2018) (quoting *In re New*

*England Gas Co.*, 842 A.2d 545, 553 (R.I. 2004)). "We review *de novo* whether a court has subject-matter jurisdiction over a particular controversy." *Id.* at 234 (quoting *Retirement Board of Employees' Retirement System of Providence v. Corrente*, 111 A.3d 301, 305 (R.I. 2015)).

## III

## Discussion

Neither argument raised by the Medeiroses on appeal was raised in the Superior Court. Moreover, neither argument satisfies the requirements for application of the constitutional exception to the raise-or-waive rule because no novel rule of law is implicated in this case. *See Gordon v. State*, 18 A.3d 467, 474 (R.I. 2011) (rejecting application of the constitutional exception to the raise-or-waive rule where the issue did not involve a novel rule of law). "Accordingly, pursuant to one of our most well-established principles (the raise or waive rule), [these] argument[s] will not be considered by us." *Pollard v. Acer Group*, 870 A.2d 429, 432 (R.I. 2005).

In an attempt to avoid the raise-or-waive rule, the Medeiroses couch their first argument in jurisdictional terms, although they never use the words "subject-matter jurisdiction." Rather, for the first time, the Medeiroses argue that Decathlon's failure to strictly adhere to the "chronology in the tax title statutory scheme" as set

forth in § 44-9-27 "created a jurisdictional void of the type referred to in *Pratt v. Woolley*," 117 R.I. 154, 365 A.2d 424 (1976).

The case at bar, however, is easily distinguishable from *Pratt*, where the Superior Court, during a foreclosure proceeding, ruled on the validity of a promissory note that was "entirely unrelated to petitioner's right to foreclose or the [property owners'] right to redeem." *Pratt*, 117 R.I. at 158, 365 A.2d at 427. In that case, we held that "[t]he statutory mechanism provided for the resolution of tax title disputes simply cannot be used to satisfactorily litigate other, unrelated claims." *Id.* at 158, 365 A.2d at 427. Moreover, we concluded "that the Superior Court in hearing a tax sale foreclosure petition may only exercise such jurisdiction as is expressly granted by statute." *Id.* at 162, 365 A.2d at 429.

While the Superior Court's jurisdiction in a tax foreclosure sale is "sharply circumscribed[,]" *ABAR Associates v. Luna*, 870 A.2d 990, 994 (R.I. 2005), there is nothing in this record that would indicate that the Superior Court exceeded the scope of its jurisdiction. Furthermore, the Medeiroses' belated argument is not truly a challenge to the Superior Court's subject-matter jurisdiction. *See Pollard*, 870 A.2d at 433 (rejecting the appellant's characterization of a constitutional argument as being jurisdictional in nature). "The term 'lack of jurisdiction over the subject matter' means quite simply that a given court lacks judicial *power* to decide a particular controversy." *Id.*

Before us, the Medeiroses argue that the Superior Court did not have jurisdiction to enter the final decree because Decathlon failed to strictly adhere to the sequence of events as outlined in the tax title statute. The Superior Court, however, had the power to hear argument on this issue had it been raised; therefore, the Medeiroses have waived this argument by not raising it initially in the Superior Court. *See Pollard*, 870 A.2d at 434 (holding that the appellant's constitutional argument was barred by the raise-or-waive rule because the Superior Court had the power to hear the argument but it was not raised initially in that court).

## IV

## Conclusion

For the reasons stated herein, we affirm the decree of the Superior Court. The record shall be returned to the Superior Court.

Justice Long did not participate.


## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Decathlon Investments v. Michael P. Medeiros et al. |
| **Case Number** | No. 2019-404-Appeal. <br> (PM 19-5638) |
| **Date Opinion Filed** | June 9, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Patrick T. Conley, Esq. <br> For Defendants: <br><br> Andrew M. Cagen, Esq. |