FIRST NATIONAL BANK OF PAWTUCKET *vs.* GEORGE E. DISPEAU, *et al.*

JUNE 5, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Mortgages. Foreclosure. Adverse Possession. Title of Mortgagor.*

In 1892, X. gave a mortgage to plaintiff, and in June 1894, it was foreclosed and the title purchased by plaintiff, and X. continued to live on the premises until his decease. December 19, 1899, X. brought a bill in equity claiming the mortgage was obtained by coercion, but upon trial it was held to be valid, final decree being entered December 3, 1902.

December 2, 1909, plaintiff brought trespass and ejectment against the heirs of X.

*Held,* that the relation of a mortgagor holding possession in subordination to the title of the mortgagee existed from 1892 to 1894, and from 1894 to December 19, 1899, the possession of X. was that of a mortgagor continuing in possession as a tenant at will or sufferance holding in subordination to the title of the mortgagee, unless it was shown to have been interrupted by distinct, positive and notorious acts on the part of the mortgagor or his successors which were brought to the attention of the mortgagee or were of such notorious a character as would ordinarily come to its attention, which was not established.

The presumption is that the possession of a mortgagor after a foreclosure is held in subordination to the title of the purchaser until a contrary intention is made manifest.

TRESPASS AND EJECTMENT. Heard on exceptions of defendants and overruled.

BLODGETT, J. This is an action of trespass and ejectment brought by the First National Bank of Pawtucket against

George E. Dispeau, Minnie J. Dispeau and Florence J. Dispeau,
to recover possession of a certain piece of real estate situated
in the city of Pawtucket, and is before this court on defendants'
exceptions to the direction of a verdict for the plaintiff by
the Superior Court.   The real estate was formerly owned and
occupied by the father of the defendants, one George Dispeau,
for many years prior to his death.   It was occupied by George
Dispeau and his children at the time of his death in 1909, and
has continued in the occupancy of his children, the defendants,
since his death.

In 1892 George Dispeau gave a mortgage upon this property
to the Bank to cover an indebtedness which was then acknowl-
edged to be due by him to it.   In June, 1894, default having
been made in the conditions of this mortgage, it was foreclosed
and the title purchased by.the Bank, and George Dispeau con-
tinued to live on the premises with his family until his death.
On December 19, 1899, a bill in equity was filed in this court
against the bank (this plaintiff) by George Dispeau for an
accounting between the bank and himself and also claiming that
the mortgage was invalid inasmuch as it had been obtained by
coercion.   The case was contested before this court and in an
opinion given by the court it was held that the mortgage was
valid.   See *Dispeau* v. *First National Bank of Pawtucket,*
24 R. I. 508.

This suit in equity was brought by bill of complaint filed
December 19, 1899, service of subpœna was made upon the
bank December 20, 1899, and final decree was entered Decem-
ber 3, 1902, dismissing the bill.   The present action of trespass
and ejectment was brought by writ issuing out of the District
Court of the Tenth Judicial District December 2, 1909, which
was served upon the defendants December 3, 1909,—within a
period of ten years from the commencement of the equity suit.
The statutory period of required adverse possession had not
elapsed since the commencement of the other suit.

The relation of a mortgagor holding possession in subordina-
tion to the title of the mortgagee is thus shown to have existed
from 1892 to 1894, and from 1894 to December 19, 1899, as

far as the evidence goes, the possession of George Dispeau was that of a mortgagor continuing in possession as a tenant at will or sufferance holding in subordination to the title of the mortgagee.  There is no evidence in the case upon which a contrary contention can be shown, except the testimony of one Mr. Aldrich as to a protest against the foreclosure sale in 1894, as follows: "Witness: But he said in regard to the sale, he said, ' Gentlemen, if you bid on this property you can't get a clear deed and title of it.'   And he says, ' I object to this sale.' MR. COLLINS:   What did he say?   Witness:   That he objected to the sale."—It was against this right to exercise the power of sale given by himself that he protested.   This power has been held to have been valid

This protest was not followed by further acts or notice after the sale tending to contradict the nature of the holding, which is presumed to have been friendly and not adverse.   Moreover the testimony of William H. Park, the cashier of the bank, was as follows:   "Q. 134.  As cashier of the bank you were the active man there for a good many years, weren't you?   A.  Yes. Q. 135.  For the last twenty years at least you have been the active man at the bank, haven't you?   A.  Mr. Arnold and myself.   Q. 67.  Were you present when this mortgagee's sale was made?   A.  I think so.   Q. 77.  Did you not know that during that period from the time of the mortgagee's sale under this deed down to Mr. Dispeau's death, from him, that he held that property—from him or his authorized representatives—that he held that property denying the title and right of the First National Bank?   A.  I never heard of such a thing."

(1)     The relation between the mortgagor and the mortgagee is that of a holding by the mortgagor in subordination to the title of the mortgagee and this relation continued after the foreclosure of the mortgage unless it is shown to have been interrupted by distinct, positive and notorious acts on the part of the mortgagor or his successors in title which have been brought to the attention of the mortgagee or are of so notorious a character as would ordinarily come to his attention.

Nothing has been shown in the testimony offered in this case which would indicate a clear, distinct and notorious holding on the part of the defendants and their ancestor hostile and adverse to the title of the plaintiff. No attempt was made on their part to pay the taxes which have annually been paid by the plaintiff and there is no evidence that they made any repairs to the premises. The Bank paid the insurance. They were simply tenants at will or sufferance, and have never made any disclaimer to change this possession.

The presumption is that the possession of the mortgagor after the foreclosure of the mortgage is held in subordination to the title of the purchaser until a contrary intention is made manifest.

In the case of *Doyle* v. *Mellen*, 15 R. I. 523, at 526, Stiness, J. said: "Whether we regard one who owns the equity of redemption as a tenant, or as one holding in privity with and subject to the mortgagee's right of entry, his holding is not inconsistent with the title of the purchaser at the mortgagee's sale. There is, therefore, no adverse holding, no ouster of the owner, and no disseizin, ' until the possession before consistent with the title of the real owner becomes tortious and wrongful by the disloyal acts of the tenant, which must be open and notorious, so as to preclude all doubt as to the character of the holding or the want of knowledge on the part of the owner.' *Zeller's Lessee* v. *Eckert*, 4 How. U. S. 289, 296: Jones on Mortgages, §§ 672, 703 and cases cited.

"A tenant's possession does not change its character by an owner's giving a deed to another. If one was not in hostile occupation before the deed was given, he would not be afterwards until some change should show that the possession had ceased to be subservient and had become adverse. In this case the defendant was rightfully in possession at the time of the sale; his holding was not adverse to the purchaser who permitted him to remain in occupation, and nothing occurred afterwards to change the character of the holding on the part of the defendant. It follows, therefore, that there was no disseizin of the mortgagee and his assigns, and that their deeds

were not invalid on that account." See also *Searle* v. *Laraway,*
27 R. I. 557, 559.

The testimony fails to show that notice was brought to the
bank of an intention on the part of George Dispeau to hold the
property adversely to its title prior to the filing of the bill in
equity.

We find no error in the rulings of the trial justice admitting
and excluding testimony and the defendants' bill of exceptions
is dismissed and the case is remitted to the Superior Court with
direction to enter judgment for the plaintiff.

*Tillinghast & Collins; James C. Collins, W. Arthur Country-
man, Jr.,* for plaintiff.

*Frank T. Easton,* for defendants.