324 A.2d 617.

ETTORE C. PICERNE *vs.* ROLAND P. SYLVESTRE *et ux.*

AUGUST 6, 1974.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

KELLEHER, J. This petition to foreclose a taxpayer's right of redemption was brought pursuant to the pertinent

provisions of G. L. 1956 (1970 Reenactment) ch. 9 of title 44. It was heard and granted by a justice of the Superior Court. The respondents have appealed. Hereafter, we shall refer to the litigants by their last names.

In 1951, the Sylvestres purchased a single-family home that was located in Cranston. On May 25, 1960, the city's tax collector held a tax sale. He sold the Sylvestres' home to Picerne. The Sylvestres have continued to live in the home during the entire period from the time of the sale to the institution of this action, October 4, 1971, a period in excess of 11 years. Picerne has continued to pay the taxes due the municipality, but at no time has he taken any steps to seek rent or possession of the residence the Sylvestres call home.

The narrow, novel, and interesting issue raised by the Sylvestres' appeal is whether they may raise in these proceedings the defense of adverse possession. The trial justice said no. We say yes.

To place the issue presently before us in its proper perspective we will relate in narrative form the pertinent portions of ch. 9 of title 44 which relate to a municipality's efforts to enforce the collection of its taxes and to the relationship between the defaulting taxpayer and the tax sale foreclosure. For better readability, we will footnote the relevant sections and include the material portions thereof as an appendix.

Municipal taxes that are assessed against a person's real or personal property are a lien against his real estate for a period of at least three years.[1a] This lien is superior to any other lien, encumbrance or interest in the property with the exception of an easement or a restriction.[1b] After the tax sale is held, the tax collector is required to execute and deliver to the purchaser a deed which conveys a "title"

[1a] and [b] General Laws 1956 (1970 Reenactment) §44-9-1.

600

which shall be held as security for the repayment of the purchase price plus all intervening taxes, costs, interest and penalties.[2a] A deed recorded within 60 days of the sale is prima facie evidence of the validity of the "title" conveyed.[2b] The purchaser has no right to either seek possession or demand rent until one year after sale.[3]

Following the expiration of the one-year period, whoever holds the tax title may bring a petition in the Superior Court to foreclose "all rights of redemption thereunder."[4] However, any person having an interest in land sold for nonpayment of taxes has an opportunity to redeem the property by the payment of the requisite amount to the purchaser[5] even up to the time the petition to foreclose is pending in court. Once the foreclosure decree has been entered, the title conveyed by the tax collector's deed becomes "absolute."[6]

The solution to the pending dispute is to be found by determining what passed at the 1960 sale. Picerne argues that since all he received was the city's lien, the Sylvestres, enjoying a possession under a legal title which was not adverse, cannot claim to hold possession under another title which is adverse. In taking this position, he relies on *Nichols* v. *Reynolds,* 1 R. I. 30 (1840). Since Picerne's premise is faulty, the case he cites is inapposite.

Under our law, the collector's deed is in the nature of an independent grant from the sovereign which bars or extinguishes all former titles, interests and liens not specifically excepted. The title conveyed is absolute, subject

[2a] and [b] General Laws 1956 (1970 Reenactment) §44-9-12.

[3] General Laws 1956 (1970 Reenactment) §44-9-12.

[4] General Laws 1956 (1970 Reenactment) §44-9-25.

[5] General Laws 1956 (1970 Reenactment) §44-9-29.

[6] General Laws 1956 (1970 Reenactment) §44-9-24.

only to defeasance by redemption. *Accord, Hefner* v. *Northwestern Life Ins. Co.*, 123 U. S. 747, 8 S.Ct. 337, 31 L.Ed. 309 (1887); *Whiteman* v. *Mattson*, 167 Colo. 183, 446 P.2d 904 (1960); *Greene* v. *Esquibel*, 58 N. M. 429, 272 P.2d 330 (1954); *Broadhurst* v. *American Colloid Co.*, 85 S. D. 65, 177 N.W.2d 261 (1970); 2 Cooley, *Law of Taxation*, ch. XV 910, at 960-62 (1903).

Picerne's reliance upon the so-called lien theory is understandable. As a part of ch. 9 of title 44, the Legislature has included a suggested set of forms which can be used in various matters such as the perfection of a tax title, the redemption of property, or the assignment of tax titles. Picerne's petition is designated as "Form No. 5" and is entitled "Petition To Foreclose Tax Lien." The body of the form makes it clear that a person using this form is asking "* * * that the rights of all persons entitled to redeem from said proceedings may be foreclosed" and that the court enter a decree declaring that the petitioner's title "is absolute." It might be better if Form No. 5 were called "A Petition To Foreclose The Right Of Redemption."

In rejecting the Sylvestres' efforts to prove their adverse possession, the trial justice ruled that the statutory procedures set forth in the tax-sale statute precluded any attempt in this regard. She apparently felt that the Sylvestres could not invoke the doctrine of adverse possession until Picerne had first foreclosed the right of redemption and then attempted to evict them. The trial justice based her ruling on §44-9-31. In essence, this section requires a person claiming an interest in the real estate who wishes to raise any question concerning the validity of the petitioner's title to file an answer in which is specifically set forth the matter upon which he relies "* * * or else be forever barred from contesting or raising the question in any other proceeding." She interpreted this section as

limiting the challenge to questions involving the procedures taken prior to and relating to the sale. We will not take such a narrow view of the statute.

The phrases "forever barred" and "in any other proceeding" are all-encompassing. Furthermore, §34-7-1 states that adverse possession can be pleaded "* * * to any action that shall be brought for such lands, tenements or hereditaments" and, if "proved" shall be a bar to such action. Accordingly, we believe that the Sylvestres should have been offered the opportunity to present the defense of adverse possession.

Finally, we wish to offer a comment or two about the tasks facing the Sylvestres after our remand. Since §44-9-12 bars the purchaser from seeking rents or possession until a year after the sale, the earliest that the Sylvestres' adverse possession could have begun to run was May 25, 1961. *See Davis v. Girard,* 80 R. I. 237, 95 A.2d 847 (1953). Here, they must prove by clear and convincing evidence, actual, open, notorious, hostile, continuous and exclusive possession of the Cranston premises for the full statutory period of 10 years. *Spangler v. Schaus,* 106 R. I. 795, 264 A.2d 161 (1970). They have the burden of convincing the trial justice that their occupation had ceased to be subordinate to Picerne and had become so overt as to ordinarily come to Picerne's attention. *See Walsh v. Morgan,* 60 R. I. 349, 198 A. 555 (1938); *First National Bank v. Dispeau,* 32 R. I. 396, 79 A. 945 (1911). Whether the Sylvestres will succeed in this regard is not before us. All we decide today is that the holder of a tax title who pro-

crastinates in foreclosing the right of redemption[7] runs the risk of having his title divested by a successful showing of the requisite adverse possession.[8]

The respondents' appeal[9] is sustained. The judgment appealed from is vacated, and the cause is remanded to the Superior Court for further proceedings.

---

[7]It should be pointed out that the collector in conducting a tax sale is not looking for the highest bidder as that term is commonly understood. This official is required to sell the smallest undivided portion which brings into the municipality's coffers the money due it. The collector may sell the whole only in the event that no person offers to take a smaller portion. General Laws 1956 (1970 Reenactment) §44-9-8. As a practical matter, the only offer made in most sales is for the whole interest. However, in those instances where a smaller interest is sold, the purchaser may foreclose the redemption as it relates to his interest and then bring a partition suit. Picerne's deed conveyed the entire interest.

[8]The due process rights relative to notice of the sale to those having an interest in the real estate are recognized in G. L. 1956 (1970 Reenactment) §§44-9-9 and 44-9-11. The collector is directed to post notice of the time and place of the sale in two or more public places within his city or town at least three weeks prior to the event. In addition, he must insert in a newspaper published within the municipality a detailed notice of the sale listing its time and place, the specific properties to be sold identified by their assessor's plat and lot number, and the name of the person against whom the assessments have been made. The notice must be published at least three weeks before the sale and, weekly thereafter, a newspaper notice of the sale must be published informing the readers that the property listed in the original notice will be sold at public auction. Furthermore, mortgagees of record are to be given at least a 20-day notice of the sale. This notice is to be sent by registered or certified mail or to be personally served. Experience has shown that most mortgagees upon receipt of the notice will pay the back taxes and charges. They will then add this amount to the principal due on the mortgage. There is evidence that the Sylvestres had mortgaged their property.

[9]This appeal was originally heard by four justices with the Chief Justice not taking any part in its consideration. In February 1974, by a Per Curiam decision an equally divided court affirmed the judgment entered in the Superior Court. *Picerne v. Sylvestre,* 112 R. I. 682, 315 A.2d 62 (1974). Subsequently, we granted the Sylvestres' motion for a reargument before the full court. *Picerne v. Sylvestre,* 112 R. I. 945, 316 A.2d 348 (1974). Reargument has resulted in unanimity.

## Appendix

"44-9-1. Tax lien on real estate.—Taxes assessed against any person in any town for either personal property or real estate shall constitute a lien on said real estate. Said lien shall arise and attach as of the date of assessment of such taxes, as defined in §44-5-1.

"Said lien shall terminate at the expiration of three (3) years thereafter, if the estate has in the meantime been alienated and the instrument alienating the same has been recorded; otherwise, it shall continue until a recorded alienation thereof. Said lien shall be superior to any other lien, encumbrance or interest in said real estate whether by way of mortgage, attachment or otherwise, except easements and restrictions."

"44-9-12. Collector's deed—Rights conveyed to purchaser—Recording.—The collector shall execute and deliver to the purchaser a deed of the land * * *. The deed shall convey the land to the purchaser, subject to the right of redemption. The title thus conveyed shall, until redemption or until the right of redemption is foreclosed as hereinafter provided, be held as security for the repayment of the purchase price, with all intervening costs * * *. Such deed shall not be valid unless recorded within sixty (60) days after the sale. If so recorded it shall be prima facie evidence of all facts essential to the validity of the title thereby conveyed. No sale hereafter made shall give to the purchaser any right to either the possession, or the rents, or profits of the land until the expiration of one (1) year after the date of the sale."

"44-9-25. Petition for foreclosure of redemption.—After one (1) year from a sale of land for taxes * * * whoever then holds the title thereby acquired may bring a petition in the superior court for the foreclosure of all rights of redemption thereunder. * * *"

"44-9-29. Redemption by party to foreclosure proceedings.—Any person claiming an interest, on or before the return day or within such further time as may on motion be allowed by the court, shall, if he desires to redeem, file an answer setting forth his right in the land, and an offer to redeem upon such terms as may be fixed by the court. * * *"

"44-9-24. Title absolute after foreclosure of redemption —Jurisdiction of proceedings.—The title conveyed by a tax collector's deed shall be absolute after foreclosure of the right of redemption by decree of the superior court as provided in this chapter. * * *"

*George Ajootian,* for petitioner.

*James Farrell McAleer,* for respondents.