347 A.2d 407.

GREEN ACRES REALTY, INC. *vs.* LOUIS T. ROCCHIO *et al.*

NOVEMBER 13, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This appeal involves a petition to foreclose all rights of redemption arising from a tax sale that took place in the town of Johnston on March 26, 1966. The proceedings were instituted pursuant to the pertinent provisions of our Tax Sale Statute, G. L. 1956 (1970 Reenactment) chapter 9 of title 44. The petitioner was present at the 1966 sale and purchased a vacant parcel of land located on the northerly side of Hartford Avenue. The record owners of the parcel were the respondents, Louis T. Rocchio and his wife, Rose. The respondents have appealed from a judgment entered in the Superior Court denying them any standing to challenge the validity of the tax collector's deed received by the petitioners. Hereinafter we shall refer to the petitioner as "Green Acres" and the respondents as the "Rocchios."

The tax sale was held to collect unpaid taxes due the

town from the Rocchios for a 7-year span beginning with 1954 and ending 1961. The total amount due the town, including interest, costs, and expenses was somewhat in excess of $3,100. A tax collector's deed conveying to Green Acres whatever interest the Rocchios, their mortgagee and others had in the parcel was prepared and executed by the town's director of finance. The deed specifically states that it is given subject to statutory right of redemption. It was recorded on June 15, 1966. The recording took place approximately 80 days after the date of the tax sale.

Seven and a half years following the sale, Green Acres filed its foreclosure petition. In its petition Green Acres listed as persons having an interest in the property, the Rocchios, the Rocchios' mortgagee, and a number of other creditors who had placed attachments or had levied an execution on the subject property. Notice of the petition's filing was mailed to all those listed in the petition. Answers were filed by the Rocchios and one of the creditors. In their answers the Rocchios challenged the validity of the sale and asked that the Green Acres' petition be dismissed and that they be allowed to reclaim their property.

Legal memoranda were submitted to the trial justice. The Rocchios took the position that the sale and the deed were aborted because of a failure to comply with the provisions found in G. L. 1956 (1970 Reenactment) §44-9-12 which states that a tax collector's deed "* * * shall not be valid unless recorded within sixty (60) days after the sale." As noted earlier, the deed was not recorded until June 15, almost 20 days later than the time limit specified in the statute.

A title examination is part of the record. It shows that on December 30, 1963, the sheriff attached the Rocchios' real estate as a result of a suit brought by a credit union.

It further appears that subsequently in the Superior Court a judgment was entered on February 27, 1964 in favor of the credit union for $1531.50 and execution was issued by the Superior Court and a levy was made against the property. In October 1964, the property was sold by the sheriff to the highest bidder (the credit union) for the sum of $56.85. Later, on November 5, 1964, the sheriff executed a deed conveying the Rocchios' interest in the property to the credit union. The sheriff's deed was recorded some 3 years later on December 28, 1967—long after the March 1966 tax sale.

After reviewing the documents before him, the trial justice ruled that because of the 1964 sheriff sale and subsequent deed, the Rocchios had no standing to question the late recording of the tax collector and no right to redeem the property. We agree.

The sole reason why the Rocchios were named as parties to the suit was because at the time of the tax sale they were the record titleholders of the Hartford Avenue parcel. Their status as respondents is the direct result of the credit union's belated recording of the sheriff's deed. Recently, we have emphasized that under our tax sale statute, "* * * the collector's deed is in the nature of an independent grant from the sovereign which bars or extinguishes all former titles, interests and liens not specifically excepted" and the title conveyed by the tax collector "is absolute, subject only to defeasance by redemption." *Picerne* v. *Sylvestre,* 113 R. I. 598, 600-01, 324 A.2d 617, 618 (1974).

Almost a century ago, however, the court in speaking of the statutory predecessor to G. L. 1956 (1969 Reenactment) §9-26-16 (1872 General Statutes ch. 212, §14) pointed out that the statute vests in the recipient of a sheriff's deed "* * * all the right, title, and interest the owner had at the time of the attachment." *De Wolf* v.

*Murphy*, 11 R. I. 630, 631 (1877). Section 9-26-16 repeats the language of the 1872 statute when it specifically declares that the sheriff's deed "* * * shall vest in the purchaser all the estate, right and interest which the debtor had therein at the time said estate was attached * * *." It follows that whatever claim the Rocchios might have had to exercise the statutory right of redemption was long gone in 1973 because of the 1964 sheriff's deed.

The respondents' appeal is denied and dismissed and the case is remanded to the Superior Court.

*Charles A. Hambly, Jr.,* for petitioner.

*Francis A. Manzi,* for respondents.