Joseph **DRISCOLL**

v.

**KARROO LAND CO., INC.**

**No. 90–3–Appeal.**

Supreme Court of Rhode Island.

Dec. 17, 1991.

Armando Monaco, Cranston, for plaintiff.

Patrick T. Conley, Providence, for defendant.

## OPINION

KELLEHER, Justice.

This dispute arises because the defendant, Karroo Land Co., Inc. (Karroo), appeals from an order by a Superior Court justice to pay the plaintiff, Joseph Driscoll (Driscoll), a certain sum of rents Karroo collected as owner of tax title of Driscoll's property pursuant to G.L.1956 (1980 Reenactment) § 44–9–12.

The facts are undisputed. Until May 1979 Driscoll, a resident of Seekonk, Massachusetts, owned real estate located at 451–453 Pine Street in Providence. During that time Driscoll failed to pay the property tax for the years 1976 and 1977 and as a result the city of Providence acquired tax title to the property.

On July 23, 1980, Karroo, a Rhode Island corporation with its principal place of business in Providence, Rhode Island, purchased the realty at a tax sale. By doing so, Karroo paid the statutory monetary amount required to bring the tax status of the property current and in return received an assignment of tax title from the city. From the time of its purchase in July 1980 to June 1984, Karroo actively managed the property, which included negotiating rental agreements, collecting rent from tenants, and instituting three eviction actions for the nonpayment of rent.

Driscoll collected rents in the amount of $200 per month from July 1980 until August 1981. At this time Karroo raised the rental fee and collected rents in a sum totaling $10,800 until May 1984. In June 1984 Karroo attempted to foreclose on Driscoll's right of redemption, at which time Driscoll paid the sum necessary to reclaim the property.

In October 1984 Driscoll initiated an action asserting that Karroo owed him all rents it had collected during its tenure as manager of his property. In fashioning an equitable remedy, the trial justice found that Driscoll was entitled to reimbursement of rents in the sum of $200 per month, the amount Driscoll collected prior to the tax sale. Additionally the trial justice debited Driscoll for several actions performed by Karroo, including the costs of three eviction actions undertaken during Karroo's possession. Driscoll was awarded $4,567.18 plus interest.

Although no separate judgment was entered,[1] Karroo appealed the order, contending that § 44–9–12 allows a purchaser of realty at a tax sale to collect and retain rents from said property after the expiration of the one-year statutory period following the collector's sale. Driscoll contends that the same statutory provision permits him the right to rents collected by Karroo during the two-year-and-nine-month period following Karroo's purchase of tax title.

We do not subscribe to Driscoll's sentiments. Accordingly we reverse the trial justice's decision and remand.

The parties take issue with the rights conveyed to a purchaser of tax title deline-

---

1. The record indicates that a separate judgment has not been entered pursuant to Super.R.Civ.P. 58(a). "This court has ruled that '[u]ntil a judgment is entered, no appeal can be taken, and an appeal filed before the entry of judgment on a separate paper is premature and subject to dismissal.'" *Brenner Associates, Inc. v. Rousseau,* 537 A.2d 120, 122 (R.I.1988) (quoting *McClellan v. Thompson,* 114 R.I. 334, 341, 333 A.2d 424, 428 (1975)). In *Brenner* this court did not dismiss the appeal on the basis that there was no final judgment entered in a situation in which the lower court's failure to enter judgment was clerical oversight. Instead this court remanded the case for entry of judgment *nunc pro tunc.* 537 A.2d at 122. In consideration of judicial efficiency, we follow the path taken in *Brenner* and remand the case for entry of judgment *nunc pro tunc.*

ated in § 44–9–12.[2]  This entire dispute hinges upon the interpretation of the word "until" in one particular portion of the statute.  Specifically that statutory provision provides, "No sale hereafter made shall give to the purchaser any right to either the possession, or the rents, or profits of the land *until* the expiration of one (1) year after the date of the sale."  (Emphasis added.)  Section 44–9–12.

In examining a statute's unambiguous language, we give its words their plain and ordinary meaning.  *McGee v. Stone*, 522 A.2d 211, 216 (R.I.1987).  Consequently we shall not delve into legislative history to determine the intent of this provision.  *See United States v. Melucci*, 739 F.Supp. 79, 81 (D.R.I.1990); *Bleau v. Hackett*, 598 F.Supp. 727, 731 (D.R.I.1984).

Section 44–9–12 states that a deed delivered to a purchaser at a tax sale conveys the realty to the purchaser as security for the repayment of the purchase price, subject to one of two conditions.  The original owner may redeem the realty,[3] or ·the purchaser may exercise the right to foreclose upon this right of redemption.[4]  Upon the first condition, whereby the original owner redeems the property, the parties are placed in the position they would have been in prior to the tax sale, subject to the original owner's paying a penalty plus interest to the purchaser of tax title for the period in which the purchaser held the property.  The right to redeem the property exists up to the time a petition to foreclose is pending in Superior Court.  *Picerne v. Sylvestre*, 113 R.I. 598, 324 A.2d 617 (1974).

Should the second of the two conditions occur, the holder of tax title may initiate foreclosure proceedings in Superior Court.  Once the foreclosure decree has been entered, the title conveyed by the tax collector's deed becomes "absolute."[5]  *Picerne*, 113 R.I. at 600–01, 324 A.2d at 618; *see also Hefner v. Northwestern Life Ins. Co.*, 123 U.S. 747, 8 S.Ct. 337, 31 L.Ed. 309 (1887); *Whiteman v. Mattson*, 167 Colo. 183, 446 P.2d 904 (1968); *Greene v. Esquibel*, 58 N.M. 429, 272 P.2d 330 (1954); *Broadhurst v. American Colloid Co.*, 85 S.D. 65, 177 N.W.2d 261 (1970).  The holder of tax title is prohibited from commencing such an action for a one-year period from the date of the collector's sale.  *Picerne*, 113 R.I. at 600, 324 A.2d at 618.  Until the expiration of the statutory time, the purchaser has the right to hold and manage property as "trustee" of the original owner, providing the original owner with a twelve-month grace period.  Previously we have characterized this one-year period afforded the delinquent taxpayer as "permissive," believing that in its generosity the General Assembly intentionally precluded the purchaser of such title from rent or possession for one year.  *Picerne v. Sylvestre*, 122 R.I. 85, 91, 404 A.2d 476, 479 (1979).  Thus the purchaser's right to possess, to demand rents, or to collect profits does not accrue until one year after the

**2.**  General Laws 1956 (1980 Reenactment) § 44–9–12 provides:

"**Collector's deed—Rights conveyed to purchaser—Recording.**—The collector shall execute and deliver to the purchaser a deed of the land, stating the cause of sale, the price for which the land was sold, the places where the notices were posted, the name of the newspaper in which the advertisement of the sale was published, and the residence of the grantee.  The deed shall convey the land to the purchaser, subject to the right of redemption.  The title thus conveyed shall, until redemption or until the right of redemption is foreclosed as hereinafter provided, be held as security for the repayment of the purchase price, with all intervening costs, terms imposed for redemption and charges, with interest thereon, and the premises conveyed, both before and after either redemption or foreclosure, shall also be subject to and have the benefit of all easements and restrictions lawfully existing in, upon or over said land or appurtenant thereto.  Such deed shall not be valid unless recorded within sixty (60) days after the sale.  If so recorded it shall be prima facie evidence of all facts essential to the validity of the title thereby conveyed.  No sale hereafter made shall give to the purchaser any right to either the possession, or the rents, or profits of the land until the expiration of one (1) year after the date of the sale."

**3.**  Section 44–9–29.

**4.**  Section 44–9–25.

**5.**  Section 44–9–24.

collector's sale. *Picerne*, 113 R.I. at 600, 324 A.2d at 618.

If neither condition occurs following the expiration of the statutory period, that is, if the property is neither redeemed nor foreclosed upon, limited legal title nonetheless remains with the purchaser of tax title. Consequently certain legal rights, including the right to collect rent, follow the holder of such limited legal title. The text of § 44-9-12 effectively bars the purchaser from seeking rents or possession until a year after the sale. The sentence about which the parties argue restrains Karroo's foreclosure right for twelve months but does not extinguish it. By the same token, the statutory language does not signify a date after which the purchaser is suddenly rewarded with full ownership rights merely because he or she held limited title to the property for one year. We believe that the meaning of this statutory provision remains clear and unambiguous. In the instant case the use of the word "until" means that upon the arrival of the one-year period following the tax collector's sale, the prohibition against possessing or collecting rents by the tax-sale purchase, will end. Driscoll collected rents for approximately thirteen months after the collector's sale. When the statutory time expired, Karroo increased the rental sum and assumed the collection of rents on the Pine Street property before the realty was redeemed by Driscoll. We believe Karroo is entitled to the rents collected during this two-year-and-nine-month period in which it held tax title. Indeed, it would be inequitable to allow Driscoll to profit from the time in which his tax title was forfeited to another party.

Accordingly Karroo's appeal is sustained. This case is remanded to the Superior Court where the trial justice may make a proper determination regarding the amount of moneys owed and to whom.