**In re William Bart LLOYD, Debtor.**

**Bankruptcy No. 92–11213.**

United States Bankruptcy Court,
D. Rhode Island.

Oct. 26, 1992.

See also 146 B.R. 588.

William Bart Lloyd, pro se.

Charles J. Ajootian, Providence, R.I., for Creditor James Ajootian.

William Delaney, MacAdams & Weick, Providence, R.I., for Fleet Nat. Bank.

---

DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on September 30, 1992 on the Debtor's objection to the Application of James Ajootian for Payment of "Post–Petition Rent as an Administrative Expense."[1]

The following facts are relevant to the instant dispute:

On March 28, 1991, at a Providence Tax Collector's sale held for a nonpayment of sewer charges in the amount of $2,263.00, James Ajootian purchased certain real estate owned by the Debtor, William Bart Lloyd. On or about April 8, 1992, after the expiration of the one year statutory period under R.I.Gen.Laws § 44–9–12, Ajootian commenced an action in the Providence County Superior Court to foreclose upon Lloyd's right of redemption in the subject property. On April 22, 1992, Lloyd filed a Chapter 11 petition in this Court, automatically staying Ajootian's state court action.

By the instant motion, Ajootian asserts that under Rhode Island law he is entitled to collect the rents on the subject premises, and seeks authority from this Court to do so, pursuant to 11 U.S.C. § 503. In support of his position, Ajootian relies on *Driscoll v. Karroo Land Co., Inc.*, 600 A.2d 722 (R.I.1991), and *Picerne v. Sylvestre*, 122 R.I. 85, 404 A.2d 476 (1979).

In opposition to the application, the Debtor submits that the authorities relied upon by Ajootian are very fact specific, and that the relevant statute, R.I.Gen.Laws § 44–9–12, should be read with equitable principles in mind. In this regard, Lloyd argues that because he has continued to manage, maintain and insure the property (expenses not borne by the original owner in *Driscoll*), equity and fairness entitle *him* to collect the rents. Mr. Lloyd also suggests that the payment of interest to Ajootian will fully compensate him in these circumstances.

Our reading of *Driscoll* however, leaves us in somewhat of a quandary. In that case, the Rhode Island Supreme Court analyzed the issue of rents under R.I.Gen. Laws § 44–9–12, but from the perspective of a tax sale purchaser who had actively managed the property after the expiration of the one year prohibition period. Specifically, the Court stated:

> From the time of its purchase in July 1980 to June 1984, Karroo [the tax sale purchaser] actively managed the property, which included negotiating rental agreements, collecting rent from tenants, and instituting three eviction actions for the nonpayment of rent.... When the statutory time expired, Karroo increased the rental sum and assumed the collection of rents on the Pine Street property before the realty was redeemed by Driscoll. We believe Karroo is entitled to the rents collected during this two-year-and-nine-month period in which it held tax title. Indeed, it would be inequitable to allow Driscoll to profit from the time in which his tax title was forfeited to another party.

*Driscoll*, 600 A.2d at 723, 725.

The Court also ruled that "if the property is neither redeemed nor foreclosed upon, *limited legal title* nonetheless remains with the purchaser of tax title." *Id.* This limited legal title was interpreted to include the right to collect rent.

However, *Driscoll* does not discuss which party (the tax sale purchaser or the original landowner) is responsible for *maintaining* the property, *i.e.* providing adequate insurance; making mortgage and property tax payments; and performing regular maintenance on the premises. These obligations, which may be viewed as "running with the land" should, in our opinion, be borne by the party who collects the rents.

Accordingly, while we deem *Driscoll v. Karroo Land Co., Inc.*, 600 A.2d 722, to be the authority in this jurisdiction on the rent

---

1. The basis for Ajootian's motion is § 503 of the Bankruptcy Code, which deals with administrative expense claims. That section however covers reimbursement for the "actual, necessary costs and expenses of preserving the estate."

We are not clear on how Ajootian contends this section entitles him to the rents for the subject premises, but based on our decision below, we do not reach this issue, relying instead on prevailing state case law authority.

collection issue, and follow its holding that when the one year period expires the tax sale purchaser is entitled to collect the rents on the property, on the facts before us we feel obligated to go one step further and rule that if the tax sale purchaser wishes to collect the rents, this election carries with it the responsibility to *maintain* the property. Conversely, if the tax purchaser chooses not to maintain the premises, he (or she) should not be entitled to collect rents.

Having said this, Ajootian's Application for the Payment of Post–Petition Rent is GRANTED, as long as he adequately maintains the property, including the payment of taxes and mortgage obligation(s), providing sufficient insurance, as well as the overall maintenance of the premises. These obligations shall remain in force unless or until the Debtor's equity of redemption is completely foreclosed, at which time the Debtor and/or the estate will no longer have an interest in the property.

Enter Judgment consistent with this opinion.