**Robert E. ASHNESS**

v.

**BURR'S LANE ASSOCIATES et al.**

**No. 93–289–Appeal.**

Supreme Court of Rhode Island.

April 15, 1994.

Patrick T. Conley, East Providence, for plaintiff.

Richard Boriskin, Markoff & Boriskin, Douglas A. Giron, Hinckley, Allen, Snyder & Comen, Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on February 28, 1994, pursuant to an order directing Burr's Lane Associates (Burr's Lane) to show cause why the appeal of Robert E. Ashness (Ashness) should not be sustained.

After reviewing the memoranda submitted by Ashness and after considering the oral arguments of counsel for Ashness and Burr's Lane, we are of the opinion that there is cause to sustain the appeal.

Ashness purchased property owned by Burr's Lane at a sale conducted by the Narragansett Bay Commission for nonpayment of fees. After Ashness filed a petition to foreclose Burr's Lane's right of redemption, Burr's Lane and the mortgagee, Rhode Island Hospital Trust National Bank, offered to redeem the property. A Superior Court justice allowed Burr's Lane, no longer extant, to redeem the property, and then ruled that Ashness, as tax-title holder, was not entitled to net rents because he had not

"taken control" of the premises. The sole question on appeal is whether Ashness is entitled to receive the rents for the period from the one-year anniversary of the tax sale to the date Burr's Lane redeemed the property, approximately seven months later. The mortgagee, an originally named defendant, holds fee simple title to the property and is not a party-in-interest in the instant matter.

The operative statute controlling the rights conveyed to a purchaser at a tax sale is G.L.1956 (1988 Reenactment) § 44–9–12:

"Except as otherwise provided, no sale hereafter made shall give to the purchaser any right to either the possession, or the rents, or profits of the land until the expiration of one year after the date of the sale."

This court, in *Driscoll v. Karroo Land Co.*, 600 A.2d 722, 724–25 (R.I.1991), interpreted this statute as providing that a tax-title purchaser's rights in the land do not accrue until one year after the tax sale, at which time the purchaser is entitled to collect and keep rents derived from the property until the time that the right of redemption is exercised by the original property owner. This court reasoned that to decide otherwise "would be inequitable" and would allow the original owner "to profit from the time in which his tax title was forfeited to another party." *Id.* at 725. *Karroo Land Co.* had acquired the tax title to the property and had actively managed the property until it was redeemed by Driscoll. *Id.* at 723.

We rely on our holding in *Driscoll* to sustain the appeal of Ashness. Ashness, as purchaser of the tax title, is entitled to net rents—that is, rents minus expenses—from the property because the tax sale had terminated Burr's Lane's rights to this benefit. In the instant case, we conclude that the tax-title holder is entitled to the net rents beginning from the thirteenth month following the tax sale to the date of redemption *irrespective* of the purchaser's control or management of the subject property.[1]

1. We note that our holding reaches a conclusion different from that in *In re Lloyd*, 146 B.R. 590, 592 (Bankr.D.R.I.1992), where a U.S. Bankruptcy Judge concluded that "if the tax sale purchas-
er wishes to collect the rents, this election carries with it the responsibility to *maintain* the property."

Though we refrain from addressing Ashness's argument that this conclusion must be reached in order to prevent the "social discord and physical violence" which might result were we to require a tax-title holder to "take control" of the property, we are persuaded that our holding comports with the legislative intent of the statute that clearly sets forth the applicable rule.

Consequently, we sustain Ashness's appeal, reverse the judgment of the Superior Court, and award Ashness the net rents on the subject property from October 2, 1992, the beginning of the thirteenth month, to May 28, 1993, the date of redemption.