**PHOENIX REALTY et al.**

v.

**RHODE ISLAND DEPOSITORS ECONOMIC PROTECTION CORP. as Receiver for Marquette Financial Corp.**

**No. 94–93–Appeal.**

Supreme Court of Rhode Island.

Jan. 26, 1996.

Patrick T. Conley, Providence, for Plaintiff.

Craig M. Scott, Michelle Ruberto Fonseca, Providence, for Defendant.

**OPINION**

BOURCIER, Justice.

This case comes before us on Rhode Island Depositors Economic Protection Corporation's (DEPCO) appeal of a Superior Court order denying a motion to invalidate a tax sale of delinquent tax property by the town of Johnston.

On April 28, 1992, the tax collector for the town of Johnston conducted a tax sale of

delinquent tax properties located in the town. Among those properties, one owned by William J. Rivelli and located in the town on Polk Street was sold to Phoenix Realty and Charlene Labbe (Phoenix–Labbe). Unknown to Phoenix–Labbe and to the town tax collector at the time of the tax sale was the fact that the Rivelli property had been mortgaged to Marquette Credit Union (Marquette), which was one of the failed financial institutions that had been placed into receivership by order of the Superior Court on May 17, 1991, some eleven months prior to the tax sale. Notice of the appointment of Maurice C. Paradis, then director of the Rhode Island Department of Business Regulation, as permanent receiver of Marquette had been published in the Providence Journal and the Woonsocket Call on June 14, 1991. On October 31, 1991, a Superior Court order in the DEPCO proceedings that granted the permanent receiver the authority to convey certain Marquette assets, including the Rivelli property, to DEPCO, had also been recorded in the Johnston Land Evidence Records. That order granted DEPCO a perfected lien on the Rivelli property as an asset of Marquette. Complicating matters further, the permanent receiver of Marquette, having no notice of the town's earlier tax sale of the Rivelli property to Phoenix–Labbe for $12,218.61, foreclosed on the property and sold it to DEPCO on March 23, 1993.

On May 12, 1993, Phoenix–Labbe filed a petition to foreclose the rights of redemption in the Rivelli property pursuant to G.L.1956 (1988 Reenactment) § 44–9–25. DEPCO entered its appearance in the redemption foreclosure action and moved to invalidate the Johnston tax sale pursuant to § 44–9–31.

At the hearing in the Superior Court on DEPCO's motion to invalidate the tax sale, counsel for the parties failed to inform the trial justice of the fact that the Superior Court order appointing the permanent receiver for Marquette and enjoining any disposition of Marquette assets without prior court approval and without prior notice to the receiver had in fact been recorded in the town records. As a result, the trial justice, after stating, "I think had they [DEPCO] recorded the instrument in the town or city's clerk's office, they would be in a very, very good position to set aside the tax sale" found the tax sale to Phoenix–Labbe to be valid and denied DEPCO's motion. The trial justice did, however, permit DEPCO to redeem the property for the tax sale price plus redemption costs and interest as provided by statute. DEPCO did redeem the property and also filed its appeal of the trial justice's decision to this court.

When the appeal came on to be heard, counsel for Phoenix–Labbe informed the court that following the trial justice's decision in the Superior Court he had verified the fact that indeed the May 17, 1991 Superior Court order appointing the permanent receiver for Marquette had been filed and recorded in the land records' office for the town of Johnston but had been negligently overlooked by the title examiner engaged by the tax collector to search title to the various properties that were sold at the May 15, 1992 town tax sale. He conceded that in spite of the newly discovered fact of recordation that neither the permanent receiver for Marquette, nor DEPCO, had been given notice of the tax sale, and that the Superior Court had never authorized the sale of Rivelli's property. Consequently, counsel conceded that the town's tax sale of the property to Phoenix–Labbe was invalid.

Based upon Phoenix–Labbe's present concession of invalidity of the tax sale, the trial justice's decision, although correct when made, was made without the benefit of the later discovered land record evidence recordings and is now reversed. DEPCO's appeal is sustained, the order of the Superior Court that denied the motion to invalidate the tax sale of the Rivelli property and granted DEPCO the right to redeem is vacated, and the redemption price paid by DEPCO to Phoenix–Labbe, pursuant to § 44–9–21, shall be returned to DEPCO, minus the amount of any taxes that DEPCO would have been obligated to pay if it had retained unchallenged possession of the property from the time of the receiver's conveyance of the property to DEPCO on March 23, 1993. Because

a separate judgment upon the order of the trial justice was never entered in accordance with Rule 58(a) of the Superior Court Rules of Civil Procedure, the case is remanded to the Superior Court with directions to enter judgment nunc pro tunc in accordance with our opinion. *Driscoll v. Karroo Land Co.,* 600 A.2d 722, 723 n. 1 (R.I.1991).