DECISION
This case comes before this Court by way of Complaint filed by Plaintiff on September 28, 2000, seeking judgment of a claim in an amount sufficient to establish jurisdiction, plus interest, costs, and a reasonable attorney fee. Although Plaintiff initially claimed a monetary amount to confer original jurisdiction as a matter of law in this matter, the parties have agreed that in the event the Defendant is found liable to Plaintiff for damages, the amount of damages is $4,800.00.
Notwithstanding the deficiency in the jurisdictional dollar amount, G.L. § 8-2-14 vests this Court with jurisdiction as within Plaintiff's Complaint that there is a claim of some ". . . right or interest . . ." to real estate.
 FACTS/TRAVEL
Plaintiff is the owner of real estate situated at 337 Orms Street, Providence, Rhode Island ("the property"). The property was sold at tax sale by the City of Providence to Sunset Realty on August 27, 1998 pursuant to G.L. 1956 § 44-9-8. The deed representing the tax sale is dated October 6, 1998, and is recorded in the Records of Land Evidence of the City of Providence in Book 3919 at Page 204. At the time of the tax sale, Plaintiff's last and usual place of abode was 8 Abermarle Avenue, Johnston, Rhode Island. Tax bills were mailed to the Plaintiff at the Johnston address several years prior to and at the time of the tax sale. The only notice of the tax sale to the Plaintiff was mailed by the Defendant by certified mail to the property in Providence. The certified mail was returned to the City of Providence as undeliverable. Plaintiff never received personal notice of said tax sale.
On September 1, 1999 Sunset Realty filed a petition to foreclose the rights of redemption in civil action PM No. 99-4438, under the tax deed pursuant to G.L. 1956 § 44-9-25. Notice of the Petition was provided to Plaintiff at her Johnston address by petitioner's attorney. On November 15, 1999, Final Decree was entered as to the Petition. The Final Decree read in part "[T]hat all rights of redemption are forever foreclosed and barred under the deed given by the Tax Collector dated 10/6/98 and duly recorded in Book 3913 at Page 204." As of November 15, 1999, Plaintiff had not filed an Answer in response to the Petition.
Thereafter in December, 1999 Plaintiff negotiated a redemption of the property with Sunset Realty at a cost of $7,200. On January 11, 2000, without any motion filed with the court by either of the parties, the parties signed a Dismissal Stipulation in PM No. 99-4438. The Dismissal Stipulation reads "Judgment entered on November 15, 1999 is hereby vacated and Defendant, Aniela Lesiak having redeemed the subject real estate, Plaintiff's petition is hereby dismissed with prejudice." (Emphasis added.) This agreement was not subject to a court hearing. At no time has Plaintiff sought a court order to vacate the Final Decree entered on November 15, 1999.
Plaintiff maintains that had she received personal notice of the tax sale pursuant to G.L. 1956 § 44-9-10, she would have paid all costs necessary to redeem the property and avoided the tax sale. Further, had Plaintiff performed the appropriate procedures under the General Laws to redeem her property, the total cost would have been approximately $2,400. Plaintiff prays for damages in the amount of $4,800 representing the difference of what the cost to redeem the property prior to the tax sale would have been and the cost she subsequently paid to redeem her property.
 DISCUSSION
Plaintiff seeks relief under the theory that she was unjustly deprived of a substantial property right as a result of the Defendant's failure to provide proper notice of the tax sale. As a result of such depravation, Plaintiff maintains she is entitled to all of the damages that resulted therefrom. G.L. 1956 § 44-9-10 states in pertinent part that
 "the collector shall notify the taxpayer of the time and place of sale either by registered or certified mail sent postpaid to the street address of the real estate liable for payment of taxes . . . or to the last known address of the taxpayer not less than twenty (20) days before the date of sale or any adjournment of the sale."
While it has been stipulated that proper notice of the tax sale was not given, this is not at issue before this Court. Plaintiff stipulated that she was given notice of the petition for foreclosure of redemption in PM No. 99-4438. At that time, Plaintiff had the opportunity to preserve her rights in the property by filing an answer to the Petition pursuant to G.L. 1956 § 44-9-29. Plaintiff failed to respond to the Petition and, therefore, was in default pursuant to G.L. 1956 § 44-9-28. The Defendant's failure to provide notice, while inexcusable, was not a complete depravation of due process as the Plaintiff clearly had the opportunity to be heard upon notice of the Petition. Plaintiff's damages were a result, in part, from her own failure to respond to the Petition.
The Petition to foreclose tax title was heard before Justice Silverstein on November 11, 1999, and a Final Decree was entered pursuant to G.L. 1956 § 44-9-30 which states "a decree shall be entered which shall forever bar all rights of redemption." Upon entry of such decree and pursuant to G.L. 1956 § 44-9-31, Plaintiff is "forever barred from challenging the validity of the tax title in any proceeding." Plaintiff effectively waived her right to challenge the validity of the tax sale. It is clear that entry of the Final Decree is an absolute foreclosure of Plaintiff's rights in the property.
Defendant's reliance on Norwest Mortgage, Inc. v. Masse, et al,799 A.2d 259 (R.I. 2002) clearly demonstrates the legislative mandates under G.L. 1956 § 44-9-30 and G.L. 1956 § 44-9-31 that a Final Decree represents finality in the foreclosure of redemption rights to the Plaintiff. The court in Norwest held that despite pending bankruptcy petitions at the time of the tax sale, the failure to answer a petition for foreclosure forever barred and foreclosed all rights of redemption.
Plaintiff's reliance on the failure to give proper notice raises an issue that is not before this Court. The validity of the tax sale is not the issue in this matter. The issue, rather, is the availability of damages as a result of the Plaintiff's redemption of the property after the Final Decree was entered. Plaintiff cites several decisions that have invalidated an earlier tax sale due to lack of proper notice; however, such action was done on motion from a delinquent taxpayer in their answer to petitions to foreclose the right of redemption on the property. SeeRobert P. Quinn Trust v Ruiz, et al, 723 A.2d 1127 (R.I. 1999), andHarvey Realty v Killingly Manor Condominium Association, et al,787 A.2d 465 (R.I. 2001).
Ashness v Tomasetti, 643 A.2d 802 (R.I. 1994), an appeal from the Superior Court which vacated a final decree by way of a complaint for relief pursuant to G.L. 1956 § 9-21-2(a)(1), is instructive in this matter. In Ashness the appellant's motion stated that the defendant's failure to answer the petition for foreclosure was a result of "mistake, excusable neglect, or inadvertence." The Supreme Court declined to rule on this particular issue and denied the appeal. Alternatively, Super. R.Civ.P. 60(b) provides for essentially the same relief. However, Rule 81(a)(2) provides that the Rhode Island Rules of Civil Procedure do not apply to proceedings involving petitions for foreclosure of redemption of interests in land sold at tax sales.
In Albertson v. Leca, M.P. 13411, C.A. 79-4072, C.A. 79-3708, January 15, 1980, Shea, J., the Court stated that after the petition to foreclose has been filed, redemption of property may only be made upon a court order. In the instant case, Plaintiff has not sought a court order to vacate the Final Decree that bars her rights of redemption. Plaintiff entered into a private agreement with Sunset Realty to purchase the property and vacate the Final Decree. A private agreement between two parties cannot vacate the court order. Sunset Realty acquired absolute title to the property upon entry of the decree and thereby is free to dispose of the property at their discretion. Plaintiff has presented no motion to vacate the Final Decree before this Court, thereby such action shall not be considered.
 CONCLUSION
Plaintiff seeks monetary relief for damages that allegedly resulted from a denial of due process for lack of proper notice. This Court denies Plaintiff her requested relief. It is clear, under the facts presented, that Plaintiff had opportunity to redeem her property upon receipt of the petition for foreclosure of redemption. The Rhode Island Supreme Court recently stated "[A]ny person having an interest in land sold for nonpayment of taxes has an opportunity to redeem the property by the payment of the requisite amount to the purchaser, even up to the time the petition to foreclose is pending." Theta Properties et al. v. Ronci RealtyCo., Inc., No. 01-359-A., slip op. at 14 (R.I., filed January 30, 2003) (quoting Picerne v. Sylvestre, 324 A.2d 617 (R.I. 1974)).
Plaintiff's legal remedies were foreclosed under G.L. 1956 § 44-9-30
and she may not receive damages that result from subsequent actions taken. Plaintiff's complaint is hereby dismissed without prejudice.
Counsel for the prevailing party shall submit an order consistent with this decision.