Phoenix J. FINNEGAN, a Rhode
Island General Partnership,

v.

Christopher BING et al.

No. 99–430–Appeal.

Supreme Court of Rhode Island.

June 1, 2001.

Patrick T. Conley, Jr., East Providence, for Plaintiff.

Richard G. Riendeau, Stephen A. Rodio, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In this appeal, we are called upon to determine whether the Superior Court may consider and determine claims unrelated to a taxpayer's redemption rights in a petition seeking to foreclose a taxpayer's right to redeem property previously sold by a city tax collector for nonpayment of taxes, brought pursuant to G.L.1956 § 44–9–25.

## I

### Facts/Case Travel

On June 26, 1997, at a tax collector's sale of properties for nonpayment of taxes held in the City of Providence (city), Phoenix J. Finnegan (Phoenix), a local real estate partnership, purchased a parcel of real estate located at 16 Alma Street in Providence and owned by the respondent Christopher Bing (Bing). The assessed value of the property was $32,370. Phoenix purchased it for $2,372.33, representing the amount of the unpaid taxes and incidental sale charges.

On July 8, 1998, Phoenix filed a "Petition to Foreclose Tax Lien" which, as the late Justice Kelleher aptly noted, ought to be designated as "A Petition to Foreclose the Right of Redemption."[1] The respondents in the petition were Bing, the former fee owner of the property, and the city, whose purported interest was noted as being a "Leinor [*sic* ]."

Although the case file does not contain the citation that was ordered to issue and to be sent via certified mail, return receipt requested to the respondents, we may assume that such was done because both respondents did file answers to the petition. The respondent Bing answered and challenged the legality and validity of the sale of his property because of a lack of notice to him of the proposed tax sale. The city answered and asserted that it was without information to form any opinion about Phoenix's allegations set out in its petition, and asserted the affirmative defense of G.L 1956 § 45–15–5.

On March 25, 1999, the petition to foreclose Bing's right to redeem the property was reached for hearing before a justice of the Superior Court. At that hearing, before any testimony or evidence was presented, Phoenix's attorney acknowledged as true that part of Bing's answer to the petition concerning Bing's failure to receive notice of the tax sale, and conceded that the city collector's tax sale of Bing's property was "void" because the city "did not extend proper notice under [§ ] 44–9–10 to Mr. Bing at his new address in Massachusetts." Counsel for Phoenix, after conceding the invalidity of the tax sale of Bing's property, asked the hearing justice to order that the city "be directed under § 44–9–43, to reimburse me, or to reimburse my client." The city's attorney objected to that requested order. In argument before us, the city contends that

§ 44–9–43 was not involved, and that Phoenix was required to file a claim for a refund against the city pursuant to § 45–15–5. That contention also had been pled in the city's answer to Phoenix's petition.

The hearing justice granted Phoenix's request, explaining that "it seems to the Court that while this is a statutory proceeding, the Court has certain equitable powers here. I am going to order that an order enter containing the language Mr. Conley suggested." That order was entered and provided that "[p]ursuant to R.I.G.L. § 44–9–43, the City of Providence shall reimburse petitioner for the amounts paid to acquire tax title in the amount of $2,372.33." Final judgment then was entered in favor of Phoenix, and against the city for $2,372.33.

The city appealed and asserts that, pursuant to § 44–9–43, the Superior Court lacked jurisdiction to order the city to reimburse Phoenix, and that Phoenix's sole statutory remedy was to file a claim with the city council seeking its refund pursuant to § 45–15–5.

## II

### Analysis

The reliance of Phoenix and the hearing justice upon § 44–9–43 is misplaced. Phoenix's petition to foreclose Bing's equity of redemption was not, and could not, be premised upon § 44–9–43. That statutory provision pertains only to tax titles that are founded upon sales of tax properties sold without foreclosure. Phoenix misconceives what a sale without foreclosure is. Phoenix purchased Bing's property at a tax sale conducted by the city's tax collector pursuant to § 44–9–7. At that sale, the city collector was authorized to sell by public auction "the smallest

---

1. See *Picerne v. Sylvestre,* 113 R.I. 598, 601, 324 A.2d 617, 619 (1974).

undivided part" of Bing's property that would bring into the city's coffers the money due it for the unpaid taxes and other charges. Section 44–9–8. In a tax sale, pursuant to § 44–9–8, the city collector "may sell the whole [title] only in the event that no person offers to take a smaller portion" of the title and yet pay the full amount of unpaid taxes and charges. *Picerne v. Sylvestre*, 113 R.I. 598, 603 n. 7, 324 A.2d 617, 619 n. 7 (1974). The deed conveying Bing's title to Phoenix was from the city tax collector pursuant to § 44–9–12. The title conveyed to Phoenix was subject to Bing's right to redeem the property until that right was foreclosed by petition filed pursuant to § 44–9–25.

If, as contended by Phoenix and relied upon the hearing justice, Phoenix had purchased Bing's property at a sale without foreclosure, a totally different fact scenario would be present. A sale without foreclosure is conducted pursuant to § 44–9–36, not § 44–9–7. It is conducted by the city or town treasurer, and not the city or town tax collector. It involves property that has been acquired by the particular city or town at a previous tax sale, and which has been held by the city or town for at least one year. It also involves property that the city or town treasurer believes is of insufficient value to meet taxes and other expenses due, and is not worth the additional expense of having to foreclose the former owner's rights of redemption by the filing of a petition to foreclose those redemption rights.

What perhaps more distinctly distinguishes a non-foreclosure sale from a foreclosure sale is that at a non-foreclosure sale, the city or town treasurer sells the property to the highest bidder, and any excess amounts received over the unpaid taxes and other charges are deposited with the city or town treasurer and kept for five years. If such excess amounts are not claimed by any of the former owners before the expiration of that five-year period, they then enure to the city or town. In addition, the city or town treasurer's deed conveys absolute title to the purchaser and a petition to foreclose any rights of redemption is not required to cut off those rights. Section 44–9–22.

Thus, it is clear beyond question that the tax collector's deed conveying title to Bing's property to Phoenix was not a non-foreclosure deed, pursuant to § 44–9–36, as contended by Phoenix. In order to convince itself otherwise, it need only look to its deed to see who was the grantor. Unfortunately, no one appears to have noticed that it was the city tax collector and not the city treasurer.

 It also appears from the hearing transcript that while the hearing justice's good intentions were to wind up Phoenix's ill-fated attempt to foreclose Bing's right of redemption, and for Phoenix to recoup its purchase money, he could not do so by means of invoking his "certain equitable powers," because those equitable powers are not permitted within the prescribed statutory scope of § 44–9–25. This Court has noted that in entertaining petitions to foreclose rights of redemption, a Superior Court justice does not have "an ordinary civil action" before him or her but, instead, a unique procedure created by statute for a limited purpose. Thus, he or she may consider matters only that the statute specifically empowers him or her to hear and may not invoke his or her equitable jurisdiction and fashion remedies for the parties. *See Pratt v. Woolley*, 117 R.I. 154, 157, 365 A.2d 424, 426 (1976). In fact, equity abhors forfeitures, and a petition to foreclose a property owner's right to redeem his or her property smacks of a forfeiture.

For the reasons above set out, we sustain the city's appeal from the final judgment entered in this case but only insofar as it requires and directs the city to summarily reimburse Phoenix. In all other respects, the appeal is denied and the final judgment is affirmed. The papers in this case are ordered to be remanded to the Superior Court.